UNITED STATES, Appellee,

v.

Private (E-2) Eugene S. SANDS, SSN
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, United States
Army, Appellant.

CM 437166.

U. S. Army Court of Military Review.

9 Nov. 1978.

Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, Captain Julius Rothlein, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, JJ.

OPINION OF THE COURT

WATKINS, Judge:

In accordance with his pleas, appellant was convicted of two specifications of conspiracy to commit larceny, one specification of burglary, and two specifications of larce-

ny of items of a value in excess of $100.00.[1] He was sentenced to a dishonorable discharge, confinement at hard labor for six years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. Additionally, the adjudged sentence included a fine payable to the United States Government in the amount of $500.00. In conformity with a negotiated pretrial agreement, the general court-martial convening authority approved only so much of the adjudged sentence as provides for a dishonorable discharge, confinement at hard labor for nine months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Our review is conducted pursuant to Article 66, UCMJ. At the outset, we note that an appellate affidavit, subscribed by the local staff judge advocate, has been filed in this case. The affidavit was prepared in response to jurisdictional issues raised for the first time before this Court. Generally speaking, it contains information concerning the local method of selecting court-martial panels and, in addition, the manner in which this particular case was referred for trial in February, 1978. Our opinion, below, is predicated in part upon this affidavit. While we entertain a strong preference for deciding appellate issues solely on the basis of the trial record, we are satisfied that resort to this appellate affidavit is both necessary and appropriate in this instance.[2]

Citing *United States v. Newcomb*, 5 M.J. 4 (C.M.A.1978), appellant first contends that the trial court was without jurisdiction because the military judge and counsel were not personally detailed by the convening authority. This issue was effectively resolved by *United States v. Mixson*, 5 M.J. 236 (C.M.A.1978), which held that the rule of *Newcomb* was to be applied prospectively only i. e., to cases convened after 1 May 1978. In view of the fact that appellant's case was convened and tried well

before that date, his first assignment of error is without merit.

Appellant next alleges that the convening authority erred by referring the charges and specifications to a court that had not yet been ordered into existence. In this regard, the pretrial advice in this case reflects that on 27 February 1978 the convening authority approved the written recommendation of the staff judge advocate to refer the case for trial by general court-martial. Page three of the charge sheet indicates that on 28 February 1978 the court-martial convening authority referred the case for trial before a general court-martial appointed by local Court-Martial Convening Order (CMCO) # 37, dated 28 February 1978. Any ambiguity surrounding the date of referral is clarified by the appellate affidavit of the staff judge advocate, mentioned above. In pertinent part, this document discloses the following: (1) that on 6 November 1977 the general court-martial convening authority personally selected the court members listed on CMCO # 37, dated 28 February 1978; (2) that on 2 December 1977 and 6 February 1978, the same officer personally selected additional court-martial panels; (3) that at the time he referred this case for trial, the convening authority did not know which panel would hear the case; and (4) that on 28 February 1978 administrative personnel in the Office of the Staff Judge Advocate assigned this case to one of the three existing panels and, on the same day, effected the publication of CMCO # 37.

Charges are ordinarily referred to a court-martial for trial by means of the indorsement on the charge sheet. Paragraph 33*j*(1), Manual for Courts-Martial, United States, 1969 (Revised edition). Historically, however, not every irregularity in the referral process has given rise to jurisdictional error. *United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951), involved a situation in which the case of the accused

---

1. Violations of Articles 81, 129 and 121, Uniform Code of Military Justice (UCMJ); 10 U.S.C. §§ 881, 929 and 921, respectively.

2. The statutory basis for the Court's fact-finding authority is contained in Article 66(c), UCMJ; 10 U.S.C. § 866.

was referred for trial by one special court-martial but was in fact tried by another special court-martial appointed by the same convening authority. The Court of Military Appeals found that the court-martial which actually tried the accused had jurisdiction notwithstanding the charges had not been referred to that court for trial. The Court also indicated that the use of the words "ordinarily" and "customarily" in paragraph 33*j* of the Manual meant that charges could properly be referred for trial other than by indorsement on page three of the charge sheet. The Court went on to say that an oral referral, for instance, would not be prohibited by the cited paragraph of the Manual.[3] In *United States v. Simpson,* 16 U.S.C.M.A. 137, 36 C.M.R. 293 (1966), the Court held that, while erroneous, a procedure under which the convening authority established three special courts-martial, each of which met once a week for the calendar year, and references of cases for trial by special courts-martial were made without designating which one of the courts was to hear the case and the trial counsel assigned the case to whichever one of the courts met first after the defense counsel informed him he was ready for trial was not jurisdictionally defective. Citing Article 59 of the Uniform Code of Military Justice, 10 U.S.C. § 559, the Court was unable to find that the accused had suffered any disadvantage as a result of the aforementioned procedure. A 1968 Air Force Board of Review case, *United States v. Brown,* 38 C.M.R. 909 (A.F.B.R.1968), *pet. denied,* 18 U.S.C.M.A. 613, 38 C.M.R. 441 (1968), held that prior to trial the convening authority may orally refer charges to a court different from the one designated in the original referral without noting this change on a new indorsement affixed to the charge sheet. In that case, the Board of Review presumed that the change was made at the direction of the convening authority but indicated that, even if the court were changed prior to trial without the express permission of the convening author-

ity, the action of the latter officer in approving the findings and sentence amounted to ratification of the court that heard the case. More recently, a Navy Court of Military Review held that, where the special court-martial which tried the accused had been duly and properly appointed by the convening authority who referred the charges to it for trial, the court did not lack jurisdiction to try the accused although the court was not in existence at the time the charges were referred to it and although the first two days of the proceedings were conducted prior to the effective time and date of the convening order. *United States v. Richcreek,* 45 C.M.R. 759 (N.C.M.R.1971).

In the instant case, we find that there was a proper exercise by the convening authority of his non-delegable referral power prior to the effective date of the court-martial convening order. However, "it was error (nonjurisdictional) for the convening authority to have delegated the duty of marrying up a specific case to a specific court." *United States v. Ryan,* 5 M.J. 97, 100, n. 3 (C.M.A.1978), citing *United States v. Simpson, supra.* Testing for prejudice, we find that the error was harmless in this case. Accordingly, appellant's second assignment of error is also without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge TALIAFERRO concur.

---

**3.** In *Emerson,* the Court of Military Appeals was examining paragraph 33*j* of the 1951 edition of the Manual for Courts-Martial, United

States. The cited provision appears in identical form in the 1969 revised edition.