**UNITED STATES, Appellee,**

v.

**Private First Class Zelothaus B. CALD-WELL, SSN 505–92–5331, United States Army, Appellant.**

**CM 442847.**

U.S. Army Court of Military Review.

31 May 1983.

Captain Donna Chapin Maizel, JAGC, argued the cause for the appellant. With her on the brief was Major Lawrence F. Klar, JAGC.

Captain Glenn D. Gillett, JAGC, argued the cause for the appellee. With him on the brief were Colonel R.R. Boller, JAGC, and Lieutenant Colonel John T. Edwards, JAGC.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

In accordance with his plea, the appellant was found guilty of attempted rape, in vio-

lation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 (1976), and sentenced by a court composed of officer and enlisted members to a bad-conduct discharge, total forfeitures and reduction to Private E–1. The convening authority approved the sentence.

This case was initially referred to trial by Court-Martial Convening Order Number 110, dated 13 April 1982. The portion of the order detailing the members was divided into two sections: the first provided for an all-officer panel and contained the names of nine officers; the second for an alternate panel comprised of officer and enlisted members authorized to sit only if the appellant requested enlisted membership in accordance with Article 25(c), Uniform Code of Military Justice, 10 U.S.C. § 825(c) (1976). The second panel contained the names of five of the officers from the first panel and four enlisted personnel. The remaining four officers from the first panel were excused.

On 28 April 1982, Court-Martial Convening Order Number 122 was promulgated which effected the following changes in court membership: (1) replaced an officer who had been detailed to both panels; (2) replaced two of the enlisted members of the alternate panel; and (3) replaced an officer, First Lieutenant (1LT) Carson, who had been detailed only to the all-officer panel by substituting Second Lieutenant (2LT) Hughes. All of the substituted members were detailed only for the trial of the appellant. As the appellant requested trial by a court composed of officer and enlisted members, the alternate panel of the initial court-martial convening order sat in hearing. Second Lieutenant Hughes participated in the trial as a member of this panel.

At issue is whether 2LT Hughes had been properly detailed to the alternate panel. The appellant contends that she was an "interloper" because she was only authorized to sit as a replacement for 1LT Carson. As 1LT Carson was not detailed to sit on the alternate panel of officer and enlisted members, neither should 2LT Hughes. The government asserts that 2LT Hughes' selec-

tion to the appellant's court-martial was without qualification and not contingent on which panel was sitting. Alternatively, the government contends the convening authority "ratified" 2LT Hughes' appointment as a court member when he took his action. For the reasons that follow, we find that 2LT Hughes was not authorized to sit on the appellant's court-martial and that therefore, the sentence is a nullity. Moreover, we hold that the doctrine of ratification is inapplicable.

 The principles of law governing the appointment of court members are well-settled. As courts-martial are creatures of statute, their existence depends on compliance with statutory requirements. *United States v. Ryan*, 5 M.J. 97 (C.M.A.1978). By virtue of Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836 (1976), those requirements include the procedures set forth in the Manual for Courts-Martial governing the selection and appointment of court-members. *See, e.g.,* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraphs 5 and 36. Participation as a member by one not properly detailed to so act renders the proceedings a nullity. *United States v. Goodrich*, 5 M.J. 1002 (C.M.A.1976) (summary disposition); *United States v. Harnish*, 12 U.S.C.M.A. 443, 31 C.M.R. 29 (1961); *United States v. Cameron*, 13 C.M.R. 738 (A.F.B.R.1953). Whether an individual has been properly detailed to sit as a member depends, in part, on the intent of the convening authority. *See United States v. Padilla*, 1 U.S.C.M.A. 603, 5 C.M.R. 31 (1952).

 In order to facilitate our determination of what the convening authority intended, we considered a post-trial affidavit by the trial counsel in which he states that approximately ten days before the trial, the detailed defense counsel told him that the appellant wanted to be tried by a court of officer and enlisted members; however, the trial counsel did not forward this information to the staff judge advocate or his staff or the convening authority and believes it "extremely unlikely" that anyone else did so. Therefore, the convening authority's

act of promulgating Court-Martial Convening Order Number 122 cannot be read as an attempt to detail 2LT Hughes to both panels created by Court-Martial Convening Order Number 110 or, more particularly, to detail 2LT Hughes to the court if the appellant were tried by a panel comprised of officer and enlisted members. Given that, and the plain language of the orders, we find the convening authority's intent clear: 2LT Hughes was detailed to replace 1LT Carson and was to sit only if 1LT Carson otherwise would have, i.e., if the appellant had been tried by the panel composed only of officers.

Nor did the convening authority's action "ratify" 2LT Hughes' selection to sit in this case. Whatever its merits, the doctrine of ratification has been applied only when the court was properly created and constituted and therefore had jurisdiction to try an accused. *See, e.g., United States v. Sands,* 6 M.J. 666, 668 (A.C.M.R.1978), *pet. denied,* 6 M.J. 302 (C.M.A.1979); *United States v. Brown,* 38 C.M.R. 909 (A.F.B.R.), *pet. denied,* 18 U.S.C.M.A. 613, 38 C.M.R. 441 (1968); *United States v. Clements,* 1 C.M.R. 164 (A.B.R.), *aff'd,* 1 U.S.C.M.A. 39, 1 C.M.R. 39 (1951); *United States v. Brandon,* 19 B.R. 193 (1943); *United States v. Casey,* 3 B.R. 159, 163 (1932). *See also United States v. Sandall,* 45 C.M.R. 660, 665 (A.C. M.R.), *pet. denied,* 21 U.S.C.M.A. 651, 45 C.M.R. 928 (1972); *United States v. Glidden,* 34 C.M.R. 577, 580 (A.B.R.), *aff'd,* 15 U.S.C.M.A. 62, 35 C.M.R. 34 (1964). Ratification has never been applied when an individual not properly detailed to a court participates as a member. *See, e.g., United States v. Cameron,* 13 C.M.R. at 739 n. 3; *United States v. Johnson,* 23 U.S.C.M.A. 104, 105, 48 C.M.R. 665, 666 (1974) ("courts-martial are creatures of statute and, to retain their jurisdiction, they must be constituted strictly in accordance with the procedures those statutes lay down"; thus, it was jurisdictional error to proceed with trial with a military judge who had been

removed by an amending order). Moreover, we will not "infer that the convening authority, in approving the findings and sentence, ratified a direct violation" of his intent that 2LT Hughes not sit on the appellant's court-martial. *United States v. Cole,* 11 M.J. 892, 895 (A.F.C.M.R.1981).

Accordingly, we hold that 2LT Hughes was an interloper whose participation in the sentencing hearing renders the sentence null.* *United States v. Goodrich, supra; United States v. Harnish, supra.* As the findings were entered by the military judge, based on the appellant's pleas of guilty, 2LT Hughes' participation did not affect the validity of the findings. *See Asher v. United States,* 22 U.S.C.M.A. 6, 46 C.M.R. 6 (1972) (findings pursuant to guilty pleas not affected by erroneous presence of enlisted court members); *cf. United States v. Lenoir,* 13 M.J. 452 (C.M.A.1982) (if the findings of guilty are predicated on pleas of guilty, only the sentence should be set aside if a challenge for cause against a member has been erroneously denied).

The findings of guilty are affirmed. In view of our finding that the court-martial panel was improperly constituted, the proceedings as to sentence are invalid and are hereby declared void. An other trial, limited to the sentence, may be ordered by the same or a different convening authority.

Senior Judge O'DONNELL and Judge FOREMAN concur.

---

\* The difficulties raised by this case would have been avoided if the court-martial convening order had created only one panel. Therefore, for that reason, we encourage the use of a version of the format contained in Appendix 4, Manual for Courts-Martial, United States, 1969 (Revised edition).