**UNITED STATES, Appellee,**

v.

**Major Atlas R. YATES, 216–42–6743, United States Army, Appellant.**

**ACMR 8601029.**

U.S. Army Court of Military Review.

30 Oct. 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC, Captain Karen Taylor, JAGC (on brief).

Before FELDER, GILLEY and ROBBLEE, Appellate Military Judges.

**OPINION OF THE COURT**

FELDER, Senior Judge:

Appellant was tried by a general court-martial composed of officers at Fort Sheridan, Illinois, on 27 and 28 October 1986.

---

Contrary to his pleas, he was convicted of adultery and false swearing, in violation of Article 134, Uniform Code of Military Justice (hereinafter UCMJ), 10 U.S.C. § 934 (1982). He was sentenced to be dismissed from the service. The convening authority commuted the sentence to forfeitures of $2,000.00 pay per month for twelve months. On 6 March 1987, review of this case was completed pursuant to Article 69(a), UCMJ, 10 U.S.C. § 869, in the Examination and New Trials Division, United States Army Judiciary, Office of The Judge Advocate General. On 18 March 1987, appellant requested additional review in that office but the request was denied. He then filed a petition for extraordinary relief with this court on 21 May 1987. Pursuant to Article 69(a), UCMJ, on 5 June 1987, the Judge Advocate General referred the case to this court for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866. Appellant subsequently withdrew his petition for extraordinary relief on 9 June 1987.

On 16 October 1986, the commander of Fort Sheridan referred the charges against appellant to a general court-martial convened by Court–Martial Convening Order Number 9. Appendix I. Because appellant was a major selected for promotion and officers junior in grade to him were appointed, an amending order was apparently deemed necessary. In the absence of the post commander, the deputy post commander issued Court–Martial Convening Order Number 10, which eliminated seven of the ten members from the court-martial and added five members senior to the appellant. Appendix II. On the day the amending order was published, the deputy post commander was not the most senior officer present for duty at Fort Sheridan. Rather, the director of reserve component support, who served as a court member, was senior to him and was present for duty that day.[1] After the trial, the post commander returned to Fort Sheridan and took action in this case.

Appellant now claims that the "court-martial lacked jurisdiction because it was convened by a commander without authority to convene a general court-martial." We are at odds with appellant's assertion. The court-martial which tried him was convened or created by the post commander who detailed the members and ordered the publication of Court–Martial Convening Order Number 9. See Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 504(a) [hereinafter R.C.M.]. A court-martial may be convened without any cases ever being referred to it and without ever being assembled. The deputy post commander did not convene the court-martial as appellant avers. Rather, he substantially changed the composition of the court-martial by amending the order that gave it existence. Court–Martial Convening Order Number 10 explicitly states that the new members were "detailed as members of the general court-martial *convened* by Court–Martial Convening Order Number 9". (Emphasis supplied).

The post commander also referred the case for trial to the general court-martial convened by Court–Martial Convening Order Number 9. Seven of the detailed members were junior in grade to appellant: six commissioned officers and one warrant officer. By statute, "any commissioned officer on active duty is eligible to serve on all courts-martial for the trial of any person who may lawfully be brought before such courts for trial." Article 25(a), UCMJ, 10 U.S.C. § 825(a). Thus, the commissioned officers junior to appellant were qualified to serve on the court-martial, subject to challenge. R.C.M. 912(f)(1)(K) and (4). However, the warrant officer was not eligible to serve in judgment of appellant, a commissioned officer. Article 25(b), UCMJ. So legally, except for one officer, the members originally detailed by the post commander were qualified to serve at the trial. Similarly, the referral of this case to the general court-martial convened by his

---

1. Staff officers are not within the chain of command but they are not disqualified from assuming temporary command of an organization. *United States v. Harrington*, 23 M.J. 788, 790

(A.C.M.R.1987) (staff judge advocate); Army Regulation 600–20, Army Command Policy and Procedures, paras. 2–1 and 3–12i (20 August 1986) (inspector general).

order was legally sufficient for that purpose.

Appellant also argues that the reasoning in *United States v. Harrington*, 23 M.J. 788 (A.C.M.R.1987), should prevail in this case. We think not. In *Harrington* the distinction between convening a court-martial and referring a case for trial was not delineated. In any event, it is clear in that case the deputy post commander, who was not the next senior Army officer regularly assigned to the installation, erroneously "referred" the case for trial. On that basis the court stated, "[t]he court-martial was not convened by a person empowered to convene it and was without jurisdiction to try appellant." *Id.* at 791. The difference between *Harrington* and the case *sub judice* is that here the proper commander convened the court-martial and referred the case for trial.

■ The fundamental defect in this case is that an unauthorized acting commander appointed court members and that responsibility must be discharged personally by the convening authority. Article 25(d)(2), UCMJ; R.C.M. 503(a)(1) and 504(b)(4); *see also United States v. Caputo*, 18 M.J. 259 (C.M.A.1984). The appointment of court members requires the exercise of judicial judgment and, consequently, the power to convene a court-martial or amend an order that creates it cannot be transferred. *United States v. Bunting*, 15 C.M.R. 84, 87 (C.M.A.1954); *United States v. Centeno*, 17 M.J. 642 (N.M.C.M.R.1983); *United States v. DeWitt*, 50 C.M.R. 13, 14 (N.C.M.R.1974).

■ The commander of an installation does not have congressional authority to convene general courts-martial. He may do so only when designated by the Secretary or empowered by the President. Article 22(a)(6) and (7), UCMJ, 10 U.S.C. § 822. Unlike the situation in *United States v. Jette*, 25 M.J. 16 (C.M.A.1987), the failure to comply with "intricate dictates of service regulations" will defeat jurisdiction, since it is by means of service regulations that the commander, and one assuming command in his absence, have authority to convene general courts-martial. The rules by which command devolves are regulated by the Secretary. R.C.M. 504(b)(1) and discussion. Pursuant to Army Regulation 600–20, Army Command Policy and Procedures, paras. 3–3c and 3–4a (20 August 1986), in the absence of the post commander, command responsibility should have devolved to the next qualified senior Army officer regularly assigned to Fort Sheridan, unless permission was granted by higher headquarters for a junior officer to serve as the commander. In this case such permission was neither requested nor granted. Initially, therefore, we conclude that the deputy post commander lacked the authority to exercise the powers of a convening authority in this case. Remaining to be decided is whether his substitution of court members was jurisdictional error.

Although a convening authority may delegate the right to excuse up to one-third of the members he detailed to a court-martial, Article 25(e), UCMJ; R.C.M. 505(c)(1)(B), he cannot delegate the power to substitute members. Hence, the failure of an appropriate convening authority to personally determine the composition of the court which tried appellant was a fatal jurisdictional error. As stated earlier, a court-martial is a creature of an order promulgated by an authorized commander. If there is a fundamental defect in that document, no court existed. *United States v. Ryan*, 5 M.J. 97 (C.M.A.1978); *see also United States v. Dionne*, 6 M.J. 791 (A.C.M.R.1978).

■ Although the proper convening authority ultimately took action in this case, he could not sanction the substitution of court members by an unauthorized intruder, as the government contends. Ratification has been applied only when the court was properly created and had jurisdiction to try an accused, never when individuals not properly detailed participated as members. *United States v. Caldwell*, 16 M.J. 575 (A.C.M.R.1983) (and cases cited therein at 577). That doctrine is useful when court members have been appointed or adopted by a commander authorized to perform that function. *See, e.g., United States v. England*, 24 M.J. 816 (A.C.M.R. 1987); *United States v. Sands*, 6 M.J. 666,

668 (A.C.M.R.1978), *petition denied,* 6 M.J. 302 (C.M.A.1979); *United States v. Richardson,* 5 M.J. 627 (A.C.M.R.1978). We have found no support for the proposition that a convening authority's action alone countenances the wholesale elimination, selection and detailing of court members by one not empowered to do so. To apply the ratification doctrine in this case would serve only to erode the requirement that the "convening authority choose the basic composition of courts-martial assembled under his aegis." [2] *United States v. Allen,* 18 C.M.R. 250, 263 (C.M.A.1955).

Accordingly, the findings of guilty and the sentence are set aside. Another trial may be ordered by the same or a different convening authority.

Judge ROBBLEE concurs.

Judge GILLEY did not participate in the decision of this case.

---

**2.** The doctrine of ratification, in a broad sense, is the confirmation by one of an act purportedly performed on his behalf by another person. The person who adopts the act must necessarily have knowledge of material facts about the act. It may be assumed the convening authority in this case read the record of trial. The doctrine had considerable more viability in the past when a convening authority was required to determine on review whether the court-martial had jurisdiction in every case tried. *See* Manual for Courts–Martial, United States, 1969 (Rev. ed.), para. 86*b*(1)(a); Manual for Courts–Martial, United States, 1951, para. 86*b*(1)(a). The convening authority was not required to review this case for legal errors. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial, 1107(b)(1). Thus, the doctrine of ratification is somewhat diluted.