UNITED STATES, Appellee,

v.

Private First Class Corwin C. TRISLER, 485–94–6025, United States Army, Appellant.

No. ACMR 8700829.

U.S. Army Court of Military Review.

6 Nov. 1987.

---

For appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain James J. McGroary, JAGC, Captain Debra D. Stafford, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was found guilty of two larceny specifications: larceny of a motorcycle and larceny of a car stereo equalizer and two Bose speakers of a value of $150.00. A military judge sitting as a special court-martial sentenced appellant to a bad-conduct discharge, confinement for three months, forfeiture of $300.00 pay per month for three months and reduction to Private E–1. The convening authority approved the sentence.

Concerning the larceny of the stereo equalizer and speakers, appellant alleges

that the military judge erred in finding him guilty of larceny of property of a value of $150.00. We find the evidence sufficient to prove value in the amount of $124.95.

The only evidence of the value consisted of the items themselves, and the hearsay testimony of an Exchange detective who stated that the stereo department manager had told him their value was $124.95.

Paragraph 46 c(1)(g)(iii), Part IV, Manual for Courts–Martial, United States, 1984, provides, in part,

> When the character of the property clearly appears in evidence—for instance, when it is exhibited to the court-martial—the court-martial, from its own experience, may infer that it has some value. If as a matter of common knowledge the property is obviously of a value substantially in excess of $100.00, the court-martial may find a value of more than a $100.00.

Viewing the prosecution exhibits, we cannot conclude that as a matter of common knowledge the property in question, two Bose speakers and an equalizer, "is obviously of a value substantially in excess of $100.00."

We must determine if other evidence of record, in addition to the items, is sufficient to prove value. The remaining evidence concerning value is the investigator's statement that the manager told him that the items were of a value of $124.95.

■ Prior to the adoption of Military Rules of Evidence 802[1] and Mil.R.Evid. 103(a),[2] hearsay did not become competent evidence by a failure to object to its reception into evidence. Manual for Courts–Martial, United States, 1969 (Rev. ed.), para. 139 *a*. Indeed, the analysis to Mil.R. Evid. 802 states, "Although the basic rule of inadmissibility for hearsay is identical

---

1. Mil.R.Evid. 802 provides that, "[h]earsay is not admissible except as provided by these rules or by any Act of Congress applicable in trials by court-martial."

2. Mil.R.Evid. 103(a) provides, in part, "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a

party, and (1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record...." We also note that Mil.R.Evid. 103(d) provides "[n]othing in this rule precludes taking notice of plain errors that materially prejudice substantial rights although they were not brought to the attention of the military judge."

with that found in para. 139*a* of the 1969 Manual, there is a substantial change in military practice as a result of Rule 103(a). Under the 1969 Manual, hearsay was incompetent evidence and did not require an objection to be inadmissible. Under the new Rules, however, admission of hearsay will not be error unless there is an objection to the hearsay." Manual for Courts–Martial, United States, 1984, Analysis of Mil.R.Evid. 802, App. 22, A22–43. *See also* S. Saltzburg, L. Schinasi, D. Schlueter, Military Rules of Evidence 633 (2d ed. 1986). We will follow the majority civilian rule that where hearsay is admitted without objection, the finder of fact may give the hearsay its natural probative value. *See United States v. Zone*, 7 M.J. 21, 22 (C.M. A.1979). We shall give the hearsay statement, that the manager stated the items were of a value of $124.95, its natural probative value. Considering the items themselves coupled with the hearsay statement, we hold that the evidence is suffi-

cient to establish a larceny of property of a value of $124.95. We find, however, appellant suffered no prejudice. The difference between the property's actual value of $124.95 and the judge's finding of $150.00 is insignificant because it does not increase the maximum punishment.[3]

Only so much of the findings of guilty of Specification 2 of the Charge are affirmed as find appellant guilty of larceny of property of a value of $124.95. The remaining findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

---

**3.** This decision should not be construed to hold that hearsay evidence admitted without objection has *per se* sufficient probative value to establish the value of property. We are concerned with trial counsel's failure to present other evidence of value. Had defense counsel objected to the hearsay statement, it would not have been admissible. In this respect, we view this case as poorly tried.