UNITED STATES, Appellee,

v.

Sergeant Rodney O. McCALL, 579–74–1767, United States Army, Appellant.

ACMR 8700458.

U.S. Army Court of Military Review.

24 June 1988.

For appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain David C. Hoffman, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Donald W. Hitzeman, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

Before DeFORD, KANE, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

KANE, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, appellant was convicted of two specifications of distribution of heroin, a violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. I 1983). He was sentenced to a bad-conduct discharge, confinement for one year, total forfeitures, and reduction to the grade of Private E–1. The convening authority approved the sentence.

■ The appellant contends that his court-martial lacked jurisdiction to try him because the panel was improperly selected. We hold that the military judge abused his discretion in denying the appellant's motion for appropriate relief.

On 23 February 1987, appellant's court-martial was called to order. At that time, the trial counsel announced that the court-martial was convened by Court-martial Convening Order Number 77. During this initial session, however, the trial counsel indicated that the panel detailed by Court-martial Convening Order Number Number 77 would not be the panel which actually sat on the appellant's case. The trial counsel explained that he anticipated the approval of a vicing order by the convening authority. The trial counsel indicated that the members to be viced had already been identified. The military judge observed, appropriately, that "it sounds like somebody has already selected a list of people to take in to the convening authority and have him just kind of stamp it."

The appellant moved for appropriate relief alleging that the members of the court-martial had been improperly selected. Utilizing the procedure set forth at Manual for Courts-Martial, United States, 1984, Rule for Courts–Martial 912(b)(2), the military judge received documentary evidence consisting of the lists of nominees for service on court-martial. These lists consisted of both officer and enlisted members. According to the offer of proof by the trial counsel, the convening authority had indicated his choices for service by either checking or underscoring the names of those chosen. However, the names of two of the members whose names appeared on the vicing order were neither checked nor underscored.

Additionally, the trial counsel's offer of proof indicated that the panel was selected by the following procedure:

> [The convening authority's] Criminal Law Center, Criminal Law Staff ... broke up the pool of people that were either already selected by the [convening authority] or had already been nominated by the [convening authority's] command ... and put them on court-martial convening orders ... [which were], in turn, taken in to the [convening authority's] office ... [a]nd the [convening authority] looks at it and agrees that those are the people that he wants to get on the panel and signs off on [the convening order].

The trial counsel concluded his offer by stating that the people who work in the Criminal Law Division "are the people who ... actually took those names from the pool of [nominees] and put them on a court-martial convening order". The military judge found that the convening authority had exercised his personal discretion in vicing the new members.

■ The power to detail members to a court-martial is personal to the position of command; the power cannot be delegated. *United States v. Ryan*, 5 M.J. 97, 101 (C.M.A.1978). This court has affirmed cases where the convening authority has ratified the selection of the court members, but only in those instances where the mem-

bership ratified was properly selected *ab initio*. *See, e.g., United States v. Trisler*, 25 M.J. 611 (A.C.M.R.1987) (personal selection of members by a predecessor in command). *See also United States v. Caldwell*, 16 M.J. 575, 577 (A.C.M.R.1983) (the doctrine of ratification applies only when the the court is properly created and constituted). In other words, one urging the application of the doctrine of ratification must, at a minimum, demonstrate that that the act allegedly ratified has been performed by someone possessing authority to act. *Cf. United States v. Yates*, 25 M.J. 582, 585 (A.C.M.R.1987) ("We have found no support for the proposition that a convening authority's action alone countenances the wholesale elimination, selection and detailing of court members by one not empowered to do so").

In the case at bar, the military judge heard an uncontradicted offer of proof which indicated that someone other than the convening authority had selected two of the court members and placed their names on the vicing order. The documentary evidence supports this offer of proof: their names were not marked on the nominating lists as were the other members selected by the convening authority. This evidence can only warrant a finding that someone had exercised unacceptable liberties with the undelegable statutory responsibility of the convening authority. His finding that the convening authority had personally selected these members is contrary to the evidence of record and as such is clearly erroneous. Accordingly, his denial of the appellant's motion for appropriate relief was an abuse of discretion.

■ Even if ratification were available in the instant case, this court would decline to apply it. The convening order was signed by the convening authority on the morning the court-martial was scheduled to commence; we infer from the record that the convening order was not presented to the convening authority until after the first session of the court-martial was called to order. Under these circumstances, the convening authority had no practical alternative but to approve the convening order as recommended. Therefore, his selection was not "wholly unfettered" even if the ratification doctrine was applicable. *Cf. United States v. Marsh*, 21 M.J. 445 (C.M.A.1986) (presenting the convening authority with a *fait accompli* so that he has no real choice but to approve replacements recommended by a subordinate violates Article 25, UCMJ, 10 U.S.C. § 825).

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge DeFORD and Judge SMITH concur.