**UNITED STATES, Appellee,**

v.

**Staff Sergeant Sharon M. VEAL, 579–78–7908, United States Army, Appellant.**

**ACMR 8800792.**

U.S. Army Court of Military Review.

15 Sept. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. VanderBoom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before KANE, GILLEY, and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT

GILLEY, Judge:

A special court-martial found the appellant guilty of wrongful possession of a switchblade knife, assault with a knife, and false swearing, in violation of Articles 92, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, and 934 (1984), respectively. The convening authority approved the sentence of a bad-conduct discharge, confinement for ninety days, forfeiture of $447.00 pay per month for three months, and reduction to Private El.

The appellant asserts that the conviction of false swearing was based on circumstantial evidence, contrary to Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], Part IV, paragraph 79c(1), which incorporates by reference the following language from paragraph 57c(2)(c) on proof of falsity:

The falsity of the alleged perjured statement cannot be proved by circumstantial

evidence alone, except with respect to matters which by their nature are not susceptible of direct proof.

This case met that test.

■ Appellant was convicted of falsely swearing that she did not cut Staff Sergeant B with a knife. An array of circumstances supports beyond reasonable doubt the exclamation of the victim at the scene that "the bitch cut me."[1] Despite the presence of military policemen in the same room, the appellant lunged at her fiance. He noticed blood flowing from two fresh cuts on his chest and wrist. Following his exclamation on these discoveries, two military policemen saw a switchblade knife drop from below the appellant's waist to the floor. When the knife fell, the appellant was cut on her leg. At trial, the appellant denied guilt and her fiance denied knowing she cut him.

The 1969 Manual for Courts–Martial introduced the provision quoted above. M.C.M., 1969 paragraphs 210 and 213 *f*(4). That addition was based on the rationale of *Behrle v. United States*, 100 F.2d 714, 715–16 (D.C.Cir.1938). There, an accused testified at his trial for murder that he remembered nothing about that murder. The court found the "two witness" rule did not apply when direct proof that he did remember was impossible. Circumstantial evidence that he did remember was found sufficient to prove the falsity of his testimony that he did not. *See Legal and Legislative Basis, Manual for Courts–Martial, United States 1951*, pp. 290–91.

■ That rationale must apply here as well. Direct proof that the appellant did know that she cut her friend was impossible. The case was amply proved by circumstantial evidence, which was the only proof available. We construe the Manual provision in what we are sure is a common sense as well as the intended manner. *Cf. O'Drudy, "The Offense of Perjury in the Military," 58 Military Law Review, Fall 1972, p. 49 at n. 203. When only an accused can verify guilt, we conclude that*

*the Manual permits proof of falsity by circumstantial evidence.*

We find meritless the issue raised personally by the appellant.

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge GIUNTINI concur.

---

1. Since the exclamation could be read as a conclusion that she must have cut him rather than that he saw her cut him, we will not treat it as "direct" evidence. The defense did not object to admissibility of the evidence; thus, any objection was waived.