**UNITED STATES, Appellee,**

v.

**Major Atlas R. YATES, 216–42–6743, United States Army, Appellant.**

**ACMR 8601029.**

U.S. Army Court of Military Review.

6 Dec. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Keith W. Sickendick, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before KANE, WERNER, and NEURAUTER, Appellate Military Judges.

OPINION OF THE COURT
ON REMAND

KANE, Senior Judge:

This case is before this court on remand from the Court of Military Appeals. *United States v. Yates*, 28 M.J. 60 (C.M.A.1989). The previous decision of this court *United States v. Yates*, 25 M.J. 582 (A.C.M.R. 1987), was reversed and the case is before us on issues other than those determined by the Court of Military Appeals and not otherwise previously addressed.

Specifically, the question is whether the military judge erred by failing to grant the defense motion for a finding of not guilty to a specification of false swearing. Appellant argues that the military judge erred in not granting the motion. We disagree.

The specification alleged that the appellant falsely stated that he did not commit adultery with Mrs. M. At trial, the government's case consisted primarily of the testimony of Mrs. M that a social relationship between her and appellant developed into an adulterous affair and Prosecution Exhibit 2, a sworn statement by appellant that their relationship was merely social, not adulterous. At the conclusion of the government's case, counsel moved for a finding of not guilty based upon the premise that the government failed to prove the false swearing specification.

Manual for Courts–Martial, United States, 1984, para. 57c(2)(c) states:

The falsity of the statement cannot be proved by the testimony of a single wit-

ness unless that testimony directly contradicts the statement and is corroborated by other evidence, either direct or circumstantial, tending to prove the falsity of the statement.

In essence, trial defense counsel argued that although Mrs. M's testimony directly contradicted appellant's statement, the only other evidence of a corroborative nature was appellant's sworn statement and that testimony only corroborated a social relationship, not adultery.

In denying the motion, the trial judge pointed out that the fifth element of the offense of false swearing requires that the court find beyond a reasonable doubt that such statement was false. In this regard, the military judge advised counsel that he would give the following instruction:

> The falsity of a statement such as we have here can be proved as to the fifth element only by the testimony of a witness which directly contradicts the statement described in the specification as long as the witness' testimony is corroborated or supported by the testimony of at least one other witness, or by some other evidence which tends to prove the falsity of the statement.... [y]ou may find the accused guilty of false swearing only if you find beyond reasonable doubt that the testimony of Mrs. [M], who has testified as to the falsity of the statement described in the specification, is believable and is corroborated or supported by other trustworthy evidence or testimony.

We note that at the conclusion of the government's case, the only evidence addressing the falsity of the statement was appellant's sworn statement and Mrs. M's testimony. Nevertheless, the military judge recognized that the charges against appellant depended upon the credibility of all the witnesses. For this reason, the military judge expressed his reluctance to withhold from the court members the opportunity to appropriately resolve the issue. The evidence of record supports that decision.

Prior to findings, two additional witnesses called by the court provided ample evidence to corroborate Mrs. M's testimony and afforded the court a sufficient basis for its finding of guilty. Mrs. W testified that she accompanied Mrs. M to the appellant's home on three different occasions. Mrs. W further testified that she and Mrs. M sat and talked to the appellant during these visits. Mrs. W recalled that during the second visit the appellant offered to allow Mrs. M to temporarily live with him at his home. Mrs. W also testified that Mrs. M had informed her that she was having an affair with the appellant, and that she was experiencing marital problems with her husband, Master Sergeant (MSG) M.

MSG M testified that he received an anonymous note at his office which requested that he control his wife because she was either at the appellant's house or just leaving whenever the anonymous person tried to visit the appellant. MSG M also testified that his wife admitted having three or more sexual encounters with the appellant.

We have carefully considered the matters personally raised by appellant and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge WERNER and Judge NEURAUTER concurs.