**UNITED STATES, Appellee,**

v.

**Sergeant Nathan M. BOYKIN, 209–38–3929, United States Army, Appellant.**

**ACMR 9100875.**

U.S. Army Court of Military Review.

21 Dec. 1992.

---

For Appellant: Captain James M. Heaton, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSON, Senior Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of larceny and false swearing, in violation of Articles 121 and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1982). The court-martial sentenced the appellant to a bad-conduct discharge and a fine of $1000.00. The convening authority approved only the bad-conduct discharge.

### I.

On 22 September 1990, Specialist (SPC) Gerald Twaddle entered the Military Clothing Sales Store at Fort Hood, Texas, with $140.00 in crisp twenty-dollar bills, folded into quarters, in his wallet. Accompanying him was his girlfriend Maria Garcia. Specialist Twaddle went to the rear of the store and placed his wallet on a counter while he completed an application for "DPP" (deferred payment program). He then continued to shop around the store but forgot to pick up his wallet from the counter. He never saw his wallet again. The appellant, a noncommissioned officer and military policeman with eighteen years of service, was also in the store at the same time as SPC Twaddle. The appellant, newly arrived at Fort Hood, was in his duty uniform and had been given permission to go from the military police station to the clothing store to cash a check and purchase a new cap.

Specialist Twaddle discovered his wallet was missing when he attempted to pay for some merchandise. After searching for his wallet without success, he approached the acting store manager, Mr. Timothy Calkins, to inquire if his wallet had been found and turned in. Mr. Calkins recognized SPC Twaddle's name as having been the name paged shortly before and remembered seeing a military policeman at the office window holding a "black nylon wallet" requesting someone be paged about a lost wallet. Mr. Calkins telephoned the military police station to report the loss of SPC Twaddle's wallet and the possibility that a military policeman may have recovered it. A search by the military police of their records revealed that no wallet had been turned in.

Knowing that the appellant was the only military policeman to have been at the clothing store that afternoon, he was questioned and searched by Sergeant Anita K. McGlawn, a military police investigator dis-

patched to investigate the loss of SPC Twaddle's wallet. In a sworn statement, the appellant denied ever having possessed the wallet of another customer while in the store. When the investigator was about to search the appellant's gym bag, the appellant removed seven, crisp, twenty-dollar bills, each folded into quarters from a pouch which was in the gym bag. Specialist Twaddle's wallet was never found.

## II.

The appellant asserts that there was insufficient evidence to support the findings of guilty of false swearing. His theory is that the conviction for the false swearing offense was based entirely upon circumstantial evidence, contrary to Manual for Courts–Martial, United States, 1984, Part IV, para. 79c(1) [hereinafter MCM]. The government, relying on *United States v. Veal*, 29 M.J. 600 (A.C.M.R.1989), counters that the appellant's false swearing was, by its nature, not susceptible to direct proof, and therefore the government was free to support the charge exclusively with circumstantial evidence. We disagree with both parties and find that the falsity of the appellant's statement was susceptible of direct proof, that his conviction for false swearing was based on such direct proof and corroborated by other circumstantial evidence, and that this evidence is legally sufficient to support the findings of guilty of false swearing.

For purposes of proving the falsity of a sworn statement, MCM, Part IV, para. 79c(1) incorporates by reference the following language from MCM, Part IV, para. 57c(2)(c):

> The falsity of the allegedly [false] statement cannot be proved by circumstantial evidence alone, except with respect to matters which by their nature are not susceptible of direct proof. The falsity of the statement cannot be proved by the testimony of a single witness unless that testimony directly contradicts the statement and is corroborated by other evidence, either direct or circumstantial, tending to prove the falsity of the statement.

In the present case, the false swearing charge was premised upon the appellant's sworn statement to military police investigators that, "No, I did not at any time see, pick up or was handed another wallet from another customer in the store." At trial, the prosecutor argued that the testimony of Mr. Calkins directly contradicted the sworn statement of the appellant and, therefore, could be used to establish the falsity of that statement, provided Mr. Calkins testimony was corroborated by other evidence.

Mr. Calkins, testified that the appellant was the same uniformed military policeman he saw standing at the office door, holding a black nylon wallet, while the MP was having a store clerk page someone. The clerk testified that the appellant read the name of the person to be paged from a green card (possibly an active duty member's military ID card) he was holding. The person being paged was later identified as SPC Twaddle, the owner of a black nylon wallet which he testified he had misplaced or lost during the same time the appellant was in the store.

The military judge instructed the panel that the falsity of the appellant's statement could be proved by:

> The testimony of a witness which directly contradicts the statement, as long as the witness' testimony is corroborated, or supported, by the testimony of at least one other witness, or by some other evidence which tends to prove the falsity of the statement. Thus, you may find the accused guilty of false swearing only if you find, beyond a reasonable doubt, that the testimony of Tim Calkins, the acting Clothing Sales Store manager, who has testified as to the falsity of the statement, is believable and is corroborated, or supported, by other trustworthy evidence or testimony.

Trial defense counsel did not object to this instruction.

■ The trial counsel's theory and the judge's instruction reflected their understanding of the special rule that is applicable to proving falsity in false swearing or perjury offenses. That is, the testimony of

one witness which directly contradicts the accused's statement, is sufficient to prove the falsity of the statement provided the testimony is corroborated by other evidence, direct or circumstantial. *See United States v. Yates*, 29 M.J. 888 (A.C.M.R. 1989).

■ Considering the testimony of Mr. Calkins and the other evidence, circumstantial in nature, which together prove the falsity of the appellant's statement, we find that this test is satisfied. In essence, the appellant's sworn statement, that he did not "see, pick up or was handed another wallet from another customer," was a denial that he was in possession of another's wallet. Thus, the subject matter which must be contradicted, is whether the appellant was ever in possession of a wallet not belonging to him. We find, as a matter of law, that Mr. Calkins' testimony provides sufficient proof of the overt act necessary to directly contradict the appellant's contention that he never had possession of another's wallet.[1] Under the circumstances of this case, Mr. Calkins testimony directly challenges the statement and thus bears directly on the alleged falsity. As seen and understood by Mr. Calkins in that particular situation, it establishes that the appellant did, in fact, have another's wallet in his possession.[2] Once admitted for this purpose, the credibility of any competing evidence becomes an issue to be determined by the fact finders. *See Weiler v. United States*, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945); *United States v. Clayton*, 38 C.M.R. 46 (C.M.A.1967); *United States v. Strong*, 5 C.M.R. 55 (C.M.A.1952).

We further find the evidence corroborating Mr. Calkins' testimony to be overwhelming. It includes: 1) the store clerk's testimony regarding the paging request by a military policeman and his reading the name to be paged from a green card; 2) SPC Twaddle's testimony that he discovered his wallet to be missing shortly after the paging, and his discussion of this with Mr. Calkins; 3) Mr. Calkins' telephone call to the military police station to inquire if the military policeman he had seen with a wallet had turned one in; 4) the fact that the appellant had just returned to the military police station from the clothing store where he had cashed a check (personally authorized by the manager, Mr. Calkins) and purchased a new cap; 5) the appellant's possession of $140.00 in seven, crisp, twenty dollar bills folded in quarters; 6) SPC Twaddle's testimony that he folded the seven, crisp, twenty-dollar bills into quarters before placing them into his wallet; and 7) the testimony of SPC Twaddle and his girlfriend that his wallet was made of black nylon with a velcro fastener, as opposed to the appellant's in-court testimony that his wallet was made of "black leather."

■ Finally, we hold that under these circumstances, the military judge did not abuse his discretion when he instructed on the "single witness" theory. Absent evidence to the contrary, we will assume that the panel understood and followed the judge's instruction as to the law, and that it was upon this theory that the appellant's conviction for the false swearing was based. Applying the standards for legal and factual sufficiency set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *United States v. Turner*, 25 M.J. 324 (C.M.A.1987), respectively, we find that the evidence is sufficient to prove the appellant's guilt beyond a reasonable doubt.

1. We see no need for Mr. Calkins to have identified the wallet as belonging to SPC Twaddle since the appellant's statement was not a specific denial of being in possession of SPC Twaddle's wallet.

2. We note that while the testimony of Mr. Calkins is direct in nature with regard to the false swearing charge (going only to the possession of *another's* wallet), the same testimony may be considered as circumstantial as to the larceny charge (which involved SPC Twaddle's wallet, a specific wallet, but which was not identifiable as such by Mr. Calkins at the precise moment he saw it in the appellant's hand; Mr. Calkins made the association a few minutes later when SPC Twaddle spoke to him about his missing wallet).

The issues personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) are without merit.

The findings of guilty and the sentence are affirmed.

Judge WERNER and Judge GRAVELLE concur.