UNITED STATES, Appellee,

v.

Sergeant Tracy PEDEN, United
States Army, Appellant.

ARMY 9800258.

U.S. Army Court of Criminal Appeals.

3 Nov. 1999.

For Appellant: Colonel John T. Phelps II, JA; Colonel Adele H. Odegard, JA; Major Leslie A. Nepper, JA; Captain Thomas Jay Barrett, JA (on brief).

For Appellee: Colonel Russell S. Estey, JA; Captain Mary E. Braisted, JA; Captain Joseph A. Pixley, JA (on brief).

Before CAIRNS, Senior Judge, BROWN, and VOWELL, Appellate Military Judges.

OPINION OF THE COURT

VOWELL, Judge:

Before a military judge, the appellant entered provident pleas of guilty to willfully damaging private property and to adultery, in violation of Articles 109 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 909 and 934 [hereinafter UCMJ]. The military judge accepted his pleas and entered findings of guilty. A general court-martial composed of officer and enlisted members sentenced him to a bad-conduct discharge, reduction to Private E1, forfeiture of all pay and allowances for six months, and confinement for three months. Pursuant to a pretrial agreement, the convening authority reduced the forfeitures to two-thirds pay per month for six months, and approved the remainder of the adjudged sentence.

The case is before the court for automatic review pursuant to Article 66, UCMJ. The appellant contends that the court-martial that sentenced him was improperly constitut-

ed and that the sentence must therefore be set aside. We agree.[1]

### Background

The general court-martial that sentenced the appellant was appointed by Court–Martial Convening Order Number 8, dated 20 November 1997, Headquarters, U.S. Army Garrison, Fort Meade, Maryland.[2] Colonel (COL) John D. Frketic was the convening authority. The name of Sergeant First Class (SFC) Janis A. Doss appears on Convening Order Number 8. Unbeknownst to the parties at the time of trial, SFC Doss had not been selected by the convening authority to be a court member.

Sergeant First Class Doss' name appeared on the court-martial convening order as the result of an administrative error. In his selection of general court-martial panel members, COL Frketic actually picked SFC Yvonne D. Doyle as a member of the panel. When the court-martial convening order was typed, however, SFC Doss, whose name appeared directly above that of SFC Doyle on the selection list, was inadvertently typed on the convening order instead of SFC Doyle.

The error was disclosed in a Memorandum for Record, dated 13 August 1998, signed by COL Frketic.[3] The memorandum also attempted to ratify the inclusion of SFC Doss on courts-martial convened by Court–Martial Convening Order Number 8. We will address the ratification issue, infra. We are unable to determine from the record before us when the error was discovered, but in any event, the convening authority's memorandum addressing the error was signed some three months after he took·action approving the findings and sentence in the appellant's case.

### Discussion

■ Long-standing precedents of this court and our superior court establish that the presence of an interloper as a court member is a jurisdictional defect. *See United States v. Harnish,* 12 U.S.C.M.A. 443, 443–44, 31 C.M.R. 29, 29–30 (1961) (when interlopers sit as court members, proceedings are a nullity) (facts set forth in concurring opinion of Judge Ferguson); *United States v. Padilla,* 1 U.S.C.M.A. 603, 606, 5 C.M.R. 31, 34 (1952) (individuals not properly detailed cannot be considered court members); *United States v. Caldwell,* 16 M.J. 575, 576–77 (A.C.M.R.1983) (presence of member not properly detailed is a jurisdictional defect).

■ We have carefully reviewed these precedents in light of a more liberal approach to technical defects in the composition of courts-martial. *See, e.g., United States v. Mayfield,* 45 M.J. 176, 178 (1996) (the accused's failure to make a judge alone request orally or in writing prior to adjournment is a technical error and "not a matter of substance leading to jurisdictional error"); *United States v. Turner,* 47 M.J. 348 (1997) (a request for trial by military judge alone made by counsel, rather than the accused, is not a jurisdictional defect); *United States v. Cook,* 48 M.J. 434, 436 (1998) (excusal of more than one-third of the members by the staff judge advocate "does not involve a matter of such fundamental fairness that jurisdiction of the court-martial would be lost"); *United States v. Kaopua,* 33 M.J. 712 (A.C.M.R.1991) (failure to announce the names of court members on the record is not a jurisdictional defect). Rather than treating all court-martial composition errors as jurisdictional, these cases review technical errors to determine if there was substantial compliance with the UCMJ. This doctrine of "substantial compliance" with the codal requirements for a validly composed court-martial is inapplicable when, regarding SFC Doss' presence at trial, there has been *no* compliance with the personal detailing require-

---

1. In view of our resolution of the jurisdictional issue, the second assigned error—that the action does not state the amount of forfeitures adjudged in a whole dollar amount—is moot.

2. A corrected copy of Court–Martial Convening Order Number 8 also appears in the record of trial. It merely corrects administrative matters such as the unit of a particular court member. It

was amended by two other convening orders excusing court members; the staff judge advocate orally excused one additional member. Neither the amending orders nor the excusal is relevant to our disposition of the assigned error.

3. We granted the appellant's motion to admit this document as Defense Appellate Exhibit A.

ments of Article 25, UCMJ. We conclude that, when a trial is by court members, the convening authority's personal selection of those members remains a jurisdictional prerequisite.

■ Until 1984, the convening authority detailed all court-martial participants—military judge, trial counsel, defense counsel, and court members alike. The Military Justice Act of 1983[4] amended Articles 26 and 27, UCMJ, by eliminating the detailing of counsel and judge by the convening authority, but did not make any changes to Article 25(d), UCMJ, requiring the convening authority to detail court members. The power to detail members of a court-martial remains personal to the convening authority and cannot be delegated. *See United States v. Ryan*, 5 M.J. 97, 101 (C.M.A.1978); *United States v. McCall*, 26 M.J. 804, 806 (A.C.M.R.1988) (failure of the convening authority to personally select court members is a jurisdictional defect).

■ Colonel Frketic's post-action memorandum attempted to ratify SFC Doss as a court member. He noted that, applying the Article 25, UCMJ, criteria for selection of court members (age, education, training, experience, length of service, and judicial temperament), SFC Doss was as qualified as SFC Doyle to sit as a member. We do not dispute the convening authority's statement or assessment. Nevertheless, although many members of a command may be qualified to sit as court members under the criteria of Article 25, UCMJ, it takes the convening authority's personal selection to make them members of a court-martial.

While the courts have sometimes looked to the convening authority's intent to determine who the proper members of a court-martial were, they have never permitted after-the-fact ratification of court members not properly selected. In *Padilla*, two officers were selected as court members, but because of the way the orders were written, confusion existed as to whether they were detailed to Padilla's court-martial. Under these circumstances, the court looked to the intent of the convening authority in determining whether

they were properly appointed to the court-martial. *Padilla*, 5 C.M.R. at 33–35. When the convening orders are clear and unambiguous, however, the subjective desires of the convening authority are of no import. Judge Ferguson's concurring opinion in *Harnish* states: "[T]he best the Government has been able to demonstrate is that the convening authority subjectively intended to place [the two interlopers] on the court ... but took no action to accomplish his aim." 31 C.M.R. at 30; *see also United States v. Gebhart*, 34 M.J. 189, 192 (C.M.A.1992) (a clerical error in detailing and relieving a court member in the same order was deemed meaningless; the court member was not an interloper under these circumstances).

Our own court held in *Caldwell*, 16 M.J. at 577, that the doctrine of ratification is inapplicable when an individual participates as a member but is not properly detailed. In *Caldwell*, an officer detailed to an officer-only panel sat on a case involving officer and enlisted members. The *Caldwell* court reasoned that "[w]hatever its merits, the doctrine of ratification has been applied only when the court was properly created and constituted and therefore had jurisdiction to try an accused. Ratification has never been applied when an individual not properly detailed to a court participates as a member." 16 M.J. at 577.

■ *Caldwell* involved a member actually selected for court-martial duty, albeit not for the court-martial forum that heard Caldwell's case. In this case, there is no evidence that SFC Doss was ever actually selected by the convening authority for *any* court-martial duty before she participated in the appellant's court-martial. Thus, the case for ratification here is even less persuasive than under the facts in *Caldwell*. Accordingly, we decline to apply the ratification doctrine and hold that SFC Doss' participation as an interloper in the sentencing hearing was a jurisdictional error that renders the sentencing proceedings a nullity.

Even if SFC Doss' presence on the court-martial panel were not a jurisdictional defect,

---

4. Pub.L. No. 98–209, § 3(c), 97 Stat. 1393 (1983).

her presence constitutes error,[5] and we must test for prejudice. *See Gebhart,* 34 M.J. at 192. Her presence had no impact on the number of votes necessary to reach the adjudged sentence, as a two-thirds vote to approve any sentence would have required four of six (with her) and four of five members (without her). We cannot say, however, that her presence had no impact on the sentence actually adjudged. Any court member may propose a sentence upon which the court members must vote. Each court member has an equal voice in discussions on an appropriate sentence. *See* Rule for Courts–Martial 1006 [hereinafter R.C.M.]; Dep't of Army, Pam. 27–9, Legal Services: Military Judges' Benchbook, Chapter 2, Section VI, Trial Procedure and Instructions (30 September 1996). Without piercing the veil surrounding the court's deliberations, we cannot ascertain the impact of the interloper on the deliberative process. *See* Military Rules of Evidence 509, 606. We cannot, therefore, find that SFC Doss' presence did not materially affect a substantial right of the appellant. Thus, we cannot affirm the sentence.[6] *See* UCMJ art. 59(a).

The findings of guilty are affirmed. In view of our finding that the court-martial panel was improperly constituted, the proceedings as to sentence are invalid and are hereby declared void. An other trial in accordance with R.C.M. 810, limited to the sentence, may be ordered by the same or a different convening authority.

Senior Judge CAIRNS and Judge BROWN concur.

---

5. As SFC Doss' status as an interloper was not made known to the appellant and his defense counsel until some three months after action, we cannot conclude, as did the then-Court of Military Appeals in *Gebhart,* that the failure to object at trial to the composition of the court is of any significance.

6. In a guilty plea, the findings are not affected by any jurisdictional defect with regard to the court-martial that adjudged the sentence. *See Cook,* 48 M.J. at 437; *Asher v. United States,* 22 U.S.C.M.A. 6, 46 C.M.R. 6 (1972).