**UNITED STATES, Appellee,**

v.

**William T. KING, Sergeant First Class, U.S. Army, Appellant.**

No. 60,756.

CM 449208.

U.S. Court of Military Appeals.

Aug. 29, 1989.

For Appellant: *Luther C. West, Esq.* (argued); *Captain Patricia White* (on brief); *Captain Alfred H. Novotne.*

For Appellee: *Captain James K. Reed* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Daniel J. Dell'Orto* (on brief); *Major Thomas E. Booth* (USAR).

*Opinion of the Court*

SULLIVAN, Judge:

In June 1986, appellant was tried by a general courtmartial composed of officer members at Fort Eustis, Virginia. Pursuant to his pleas, he was found guilty of two specifications of carnal knowledge; two specifications of sodomy (one forcible) with a female under 16 years of age; and indecent assault, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 25 years, forfeiture of $300.00 pay per month for 25 years, and reduction to the lowest enlisted grade. The convening authority approved the findings, except the forcible sodomy was changed to sodomy; and, pursuant to a pretrial agreement, he approved only so much of the sentence as provided for a dishonorable discharge, confinement for 6 years, forfeiture of $284.00 pay per month for 6 years, and reduction to the lowest enlisted grade. The Court of Military Review affirmed the findings and sentence in an unpublished opinion dated May 12, 1988.

This Court granted review of the following issue:

DID THE COURT–MARTIAL THAT CONVICTED AND SENTENCED SERGEANT KING LACK JURISDICTION?

We hold that the regulatory violation which occurred in the referral of this case was neither jurisdictional nor prejudicial, and, accordingly, we affirm. *See United States v. Yates*, 28 MJ 60 (CMA 1989); *United States v. Jette*, 25 MJ 16 (CMA 1987).

Appellant admitted that he engaged in sexual intercourse and sodomy with his two natural daughters. He was found guilty and sentenced by a court-martial composed of members. Trial defense counsel averred for the first time in his post-tri-

al submissions under RCM 1105 and 1106, Manual for Courts–Martial, United States, 1984, that this court-martial lacked jurisdiction to try appellant.

He stated:

3. You should disapprove the findings and the sentence of SFC King's trial because the court-martial that heard the case was without jurisdiction. The court-martial that sentenced SFC King was convened by Court–Martial Convening Order Number ("CMCO") 15 (ATTACHMENT 1), as amended by CMCO 22 (ATTACHMENT 1a) and CMCO 25 (ATTACHMENT 1b). The members who sat on the court-martial and heard the case against SFC King were LTC Smith, MAJ Payne, CPT Esinger, CW3 McKenzie, and CW2 Tyms.

3a. In the Pre-trial Advice of the Staff Judge Advocate, dated 12 May 1986 (ATTACHMENT 2) LTC Miller recommended that:

"...the Charges and their respective Specifications be tried as alleged by general courtmartial and that the court be convened by Court–Martial Convening Order Number 16, Headquarters, US Army Transportation Center, Fort Eustis, Virginia 23604, dated 2 May 1986."

On 12 May 1986, you approved the recommendations of the Staff Judge Advocate (ATTACHMENT 3). None of the five officers who heard SFC King's case were appointed to the court convened by CMCO 16 (ATTACHMENT 4).

3b. Documentary evidence proves that you did not change your mind and send SFC King's case before a court convened by CMCO 15 after initially sending it before a court convened by CMCO 16. The original Charge Sheet (ATTACHMENT 5) states that, by your command, the case was:

"...Referred for trial to the General court-martial convened by Court–Martial Convening Order Number 16, Headquarters, US Army Transportation Center, Fort Eustis, Virginia 23604, dated 2 May 1986, subject to the following instructions: None."

Attachment 5 indicates that the SJA office originally followed your instructions contained in Attachment 2. That is corroborated by the notations on the subpoenas for Dana, Sheila and Terrie King, dated 13 May 1986 (ATTACHMENTS 6, 7, and 8), which state:

"You are hereby summoned and required to appear on the 11th day of June, 1986, at nine o'clock A.M., at the courtroom, Bldg # 2372, Fort Eustis, Virginia, a General Court–Martial of the United States, *appointed by General Court–Martial Convening Number 16* [sic], dated 2 May 1986, to testify in the matters of US v. King." [emphasis added]

The final Charge Sheet was crudely modified to change CMCO 16 to CMCO 15, as can be seen from an examination of Block 14 of ATTACHMENT 9. We know that that modification was made after WO1 Pilkington directed the case for trial by CMCO 16 and signed for you, because WO1 Pilkington's signature, referring the King case to trial by CMCO 16, was already on the Charge Sheet (ATTACHMENT 5) before CMCO 16 was changed to CMCO 15.

3c. A court-martial is a court of limited jurisdiction. It has the power to adjudicate sentences only in cases properly sent before it by you. You did not send the King case to be tried by the court convened in CMCO 15, and that court had no power to sentence SFC King. *United States v. Perkinson*, 16 M.J. 400 (C.M.A.1983). Since the court that heard SFC King's case had no power to do so, you should disapprove the findings and the sentence in his case.

The convening authority denied this request.

During proceedings before this court-martial, no objection or even note of this procedural irregularity in the panel assignment was made. Moreover, trial counsel stated at the first Article 39(a), UCMJ, 10 USC § 839(a), session that the court-mar-

tial was convened by CMCO 15, as amended by CMCO 22, and that copies had been provided to the accused. Later, when the members were brought in for sentencing, trial counsel again stated that this court-martial was convened pursuant to CMCO 15. Defense counsel proceeded with *voir dire* of the members and challenged Colonel Simonetta, Lieutenant Colonels Tier and Higdon, and Major Beyer. The challenges against the three colonels were granted. Major Beyer was subsequently peremptorily challenged by the defense. As a result of the amendment of CMCO 15 and the challenges, four of the five remaining members who ultimately sentenced appellant had originally been detailed to this panel by CMCO 15.

-------

■ "No provision in the Uniform Code of Military Justice directly and explicitly spells out the requirements and the form of the reference of a charge to a court-martial for trial." *United States v. Simpson*, 16 USCMA 137, 139, 36 CMR 293, 295 (1966). RCM 601(a), however, provides:

> Referral is the order of a convening authority that charges against an accused will be tried by a specified court-martial.

The evidence of record clearly shows that the "specified court-martial" in appellant's case was the general court-martial panel created by CMCO 16. We also note that it is well established as a matter of Manual law that the convening authority's duty "of marrying up a specific case to a specific court" is nondelegable.[1] *See United States v. Ryan*, 5 MJ 97, 100 n. 3 (CMA 1978); *United States v. Simpson, supra.* Here, some unknown person changed appellant's panel from that selected by CMCO 16 to that selected by CMCO 15. Hence, the referral in this case was legally erroneous.[2]

We decline appellant's invitation, however, to view this defective referral as a jurisdictional error. In *United States v. Emerson*, 1 USCMA 43, 1 CMR 43 (1951), we did not hold an almost identical error to be of jurisdictional significance. We also noted expressly in *United States v. Ryan*, 5 MJ at 100 n. 3, that this type of error was "nonjurisdictional." *United States v. Glover*, 15 MJ 419 (CMA 1983), is yet another case where we tested a similar referral defect for prejudicial error. Accordingly, it is well established that a defective referral, as occurred in the present case, does not constitute jurisdictional error.

■ On the question of prejudice, we find the tampering with the convening authority's referral action in this case did not deny appellant any substantial right. The Discussion to RCM 601(a) states:

> Referral of charges requires three elements: a convening authority who is authorized to convene the court-martial and is not disqualified (*see* R.C.M. 601(b) and (c)); preferred charges which have been received by the convening authority for disposition (*see* R.C.M. 307 as to preferral of charges and Chapter IV as to disposition); and a court-martial convened by that convening authority or a predecessor (*see* R.C.M. 504).

These basic requirements were met in the instant case. First, Major General Fred E. Elam was an authorized general court-martial convening authority under Article 22, UCMJ, 10 USC § 822, who was not otherwise disqualified. Second, preferred charges were received by General Elam for disposition and referred by him to trial. Third, the court-martial panel created by CMCO 15, like that created by CMCO 16, was selected by General Elam. Fourth, there is no indication in the record or otherwise that the convening authority's selection of either of these panels was intended to benefit appellant in any particular way.

---

1. The Discussion to RCM 601(e), Manual for Courts–Martial, United States, 1984, provides that "a person acting by the order or direction of the convening authority" may sign the referral indorsement of the charge sheet.

2. The record of trial contains no explanation for this impermissible tampering with the convening authority's referral action. *See generally* Art. 98(2), Uniform Code of Military Justice, 10 USC § 898(2).

Finally, we note that defense counsel failed to challenge at trial the regularity of the referral or later to allege actual rather than speculative prejudice resulting from it. *See United States v. Moschella,* 20 USCMA 543, 546, 43 CMR 383, 386 (1971). Reversal for a regulatory violation in this context is not required. Article 59(a), UCMJ, 10 USC § 859(a). *See United States v. Yates* and *United States v. Jette,* both *supra.*

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.