UNITED STATES, Appellee,

v.

**Larry C. GEBHART, Private
U.S. Army, Appellant.**

No. 66,460.
CM 9001471.

U.S. Court of Military Appeals.

Argued Dec. 3, 1991.

Decided April 28, 1992.

For Appellant: *Captain Michael W. Meier* (argued); *Colonel Robert B. Kirby* and *Captain Alan M. Boyd* (on brief); *Lieutenant Colonel Russell S. Estey.*

For Appellee: *Captain Samuel J. Smith, Jr.* (argued); *Colonel Dayton M. Cramer, Major Thomas E. Booth, Captain Kenneth T. Grant* (on brief); *Captain Timothy J. Saviano.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

During May 1990, appellant was tried by a general court-martial composed of officer and enlisted members at Lucius D. Clay Kaserne, Garlstedt, Federal Republic of Germany. Contrary to his pleas, he was found guilty of two specifications of robbery and a single specification of assault and battery, in violation of Articles 122 and

128, Uniform Code of Military Justice, 10 USC §§ 922 and 928, respectively. Appellant was sentenced to a bad-conduct discharge and total forfeitures. On June 25, 1990, the convening authority approved the bad-conduct discharge and forfeitures extending only to $482.80 pay per month. On February 25, 1991, the Court of Military Review affirmed the bad-conduct discharge, but it disapproved all forfeitures in excess of $482.00 pay per month for 1 month. 32 MJ 634.

■ This Court, on June 13, 1991, granted the following issue of law for review:

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY HOLDING THAT THE COURT–MARTIAL HAD JURISDICTION TO TRY APPELLANT BECAUSE THE FAILURE TO PROPERLY DETAIL A COURT MEMBER, STAFF SERGEANT TIMOTHY J. HIPP, WAS IN THE ARMY COURT'S OPINION MERELY AN ADMINISTRATIVE ERROR.

We agree with the Court of Military Review that administrative, not jurisdictional, error occurred in this case and that such error was not only harmless but was waived by appellant. *United States v. King*, 28 MJ 397 (CMA 1989); *United States v. Jette*, 25 MJ 16 (CMA 1987).

The facts giving rise to the granted issue are not contested. The convening authority in appellant's case created a general court-martial on April 2, 1990, by an order which stated:

DEPARTMENT OF THE ARMY

HEADQUARTERS, 2D ARMORED DIVISION (FORWARD)

APO New York 09355–6002

COURT–MARTIAL CONVENING ORDER 31 March 1990
NUMBER 28

Pursuant to paragraph 1, General Order Number 3, Department of the Army, dated 19 January 1981, a general court-martial is convened with the following members to try Private E2 Larry C. Gebhart,

316–72–4569, US Army, A Battery, 4th Battalion, 3d Field Artillery Regiment, 2d Armored Division (Forward), APO New York 09355 at this headquarters unless otherwise directed:

COL Thomas C. Mills
LTC Robert K. Suess
LTC Edmond B. Cherry III
LTC John S. Brown
MAJ Vincent E. Boles
MAJ Donald W. Warner
MAJ Bruce L. Kidder
CPT Kirk L. Foster
CPT John J. McKearn
CPT Thomas R. Covington

In the event the accused submits a request pursuant to Article 25(c), UCMJ, [10 U.S.C. § 825(c)] that enlisted members serve on the court-martial, the members will be as follows:

COL Thomas C. Mills
LTC Robert K. Suess
LTC Edmond B. Cherry III
LTC John S. Brown
MAJ Donald W. Warner
MAJ Bruce L. Kidder
CPT John J. McKearn
CSM Tommy J. Arnold
SGM Paul M. Ninomiya
1SG Gary L. Robeson
MSG Dana G. Sullivan

BY COMMAND OF BRIGADIER GENERAL RUTHERFORD:

S/
PAUL C. RENFRO
CW2, USA
Legal Administrator

[SSNs omitted.]

On May 7, 1990, the temporary convening authority issued a second order as follows:

DEPARTMENT OF THE ARMY

HEADQUARTERS, 2D ARMORED DIVISION (FORWARD)

APO New York 09355–6002

COURT–MARTIAL CONVENING ORDER 7 May 1990

NUMBER 33

The members listed in subparagraph (a) are detailed as members of the general court-martial convened by order number 38 [sic], this headquarters, dated 31 March 1990, for the case of Private E2 Larry C. Gebhart, 316–72–4569, U.S. Army, A Battery, 4th Battalion, 3rd Field Artillery Regiment, 2d Armored Division (Forward), APO New York 09355 only. The members listed in subparagraph (b) are relieved.

(a) LTC Gary L. Aus

LTC James L. Hillman

MAJ Martin L. Robbins

MAJ Dennis O. Faver

CPT Lou L. Marich

SGM Carl B. Cooper

1SG Alto Griffin, Jr.

SFC Edward B. Henning

SSG Timothy J. Hipp

(b) COL Thomas C. Mills

LTC Robert K. Suess

LTC Edmond B. Cherry III

LTC John S. Brown

MAJ Bruce L. Kidder

CPT John J. McKearn

CSM Tommy J. Arnold

SGM Paul M. Ninomiya

1SG Gary L. Robeson

SSG Timothy J. Hipp

BY ORDER OF COLONEL CHERRIE:

S/

PAUL C. RENFRO

CW2, USA

Legal Administrator

[SSNs omitted; emphasis added.]

On May 8, 1990, a third convening order was issued by Headquarters, 2d Armored Division (Forward). It states:

DEPARTMENT OF THE ARMY

HEADQUARTERS, 2D ARMORED DIVISION (FORWARD)

APO New York 09355–6002

COURT–MARTIAL CONVENING ORDER 8 May 1990

NUMBER 37

The members listed in subparagraph (a) are detailed as members of the general court-martial convened by order number 28, this headquarters, dated 31 March 1990, as amended by court-martial convening order number 33, this headquarters, dated 7 May 1990, for the case of Private E2 Larry C. Gebhart, 316–72–4569, U.S. Army, A Battery, 4th Battalion, 3rd Field Artillery Regiment, 2d Armored Division (Forward), APO New York 09355 only. The members listed in subparagraph (b) are relieved.

(a) MAJ Corwin K. Jennings

CPT William K. Beamer

(b) MAJ Martin L. Robbins

MAJ Dennis O. Faver

BY ORDER OF COLONEL CHERRIE:

S/

PAUL C. RENFRO

CW2, USA

Legal Administrator

[SSNs omitted.]

At an Article 39(a) * session prior to appellant's court-martial, trial counsel said the following:

TC: This court-martial is convened by Court–Martial Convening Order Number 28, Headquarters, 2d Armored Division (Forward), dated 31 March 1990 as amended by Court–Martial Convening Order Number 33, same headquarters, dated 7 May 1990 and as amended by Court–Martial Convening Order Number 37, same headquarters, dated 8 May 1990, copies of which have been furnished the military judge, counsel, the accused, and to the reporter for insertion at this point in this record.

The Charges have been properly referred to this court-martial for trial and were served on the accused on 4 April 1990 by myself.

Still later, in the trial prior to the *voir dire* of the members, trial counsel stated as follows:

§ 839(a).

---

* Uniform Code of Military Justice, 10 USC

TC: The charges are signed by Captain Joseph Mason, a person subject to the Code as an accuser; are properly sworn to before a commissioned officer of the armed forces authorized to administer oaths and are properly referred to this court for trial by Brigadier General Jerry R. Rutherford, the convening authority.

MJ: Private Gebhart, please, rise.

[The defense counsel and the accused stand at counsel table.]

MJ: Private Larry C. Gebhart, I now ask you how do you plead? Before answering, I advise you that any motions you have to dismiss any charge or to grant other relief shall be made at this time. Your counsel will answer for you.

The defense did not object at that time or any other time to the detailing of members in this case.

----

The administration of this court-martial in terms of the detailing of servicepersons to sit as members (*see* RCM 503(a) and 504(d)(1), Manual for Courts–Martial, United States, 1984) and arranging for their presence prior to assembly of the court can best be described as slipshod. *See* RCM 502(d)(5), Discussion (D). An apparently relieved member, Staff Sergeant Hipp, did appear and sit as a member in this case; but a detailed member, Master Sergeant Sullivan, did *not* appear, and no information was presented concerning his absence or excusal. *See* RCM 505(b), Discussion. In addition, the amending convening order of May 7, 1990, refers to Court–Martial Convening Order 38 of March 31, 1990, not the proper convening order (number 28) of the same date from the same command. Finally, although the parties recognized at trial that the convening authority was General Rutherford, the amending orders in this case were inexplicably signed by order of Colonel Cherrie, a brigade commander who earlier had recommended trial by general court-martial. *See* RCM 502(d)(5), Discussion (B) and (E). Such a lack of attention to correct court-martial procedure cannot be condoned.

Despite these procedural irregularities, we conclude that jurisdictional error did not occur at this court-martial. Appellant's case is more akin to the situation confronted by this Court in *United States v. Padilla*, 1 USCMA 603, 5 CMR 31 (1952), rather than that in *United States v. Harnish*, 12 USCMA 443, 31 CMR 29 (1961). Here, Sergeant Hipp was detailed and apparently relieved in the same amending order, an administrative act producing a meaningless result. Thus, as in *United States v. Padilla, supra*, the convening orders on their face created a doubt as to their intent to authorize Sergeant Hipp to sit in appellant's case. *Id.* at 607, 5 CMR at 35. This is not the situation of an interloper who was not detailed at all to the court-martial on which he sat and whose absence would reduce the court-martial below the statutory minimum. *See United States v. Harnish, supra*.

In these circumstances, however, we still must search for the meaning of the convening orders with respect to Sergeant Hipp's sitting as a court-martial member in this case. *See United States v. Padilla, supra* at 607, 5 CMR at 35. In this regard, we note that it is appropriate for us to consider the conduct of the parties to this court-martial and the judge who conducted it. *Id. See generally* L. Simpson, *Handbook of the Law of Contracts* § 102(8) at 213 (2d ed. 10th reprint 1976). Here, defense counsel expressly agreed with the military judge and trial counsel, the convening authority's representative at this trial, that Sergeant Hipp was one of the ten persons detailed to this court-martial for possible service as a member.

■ The record states:

MJ: Oh, okay. All right. Let's see what we've got here [examines the court-martial convening orders.] It looks like to me that the only member you didn't excuse from number 28 [indicating Court–Martial Convening Order Number 28] is Warner.

TC: Yes, sir.

MJ: Okay. So, we have—[further examines the convening orders.] It looks

to me like you wind up having Warner from 28 and you have Aus, Hillman, Marich, Cooper, Griffin, Henning, and *Hipp* from 33 and you also get Jennings and Beamer from 37. Is that correct?

TC: Yes, Your Honor.

MJ: So I count 10 members. Is that accurate?

TC: That is accurate, Your Honor.

MJ: *Do you see that?*

DC: *I do, Your Honor.*

(Emphasis added.) In the absence of any evidence to the contrary, we hold that the construction of the convening orders by the participants of this trial is controlling. *See United States v. Jette,* 25 MJ 16 (CMA 1987). Accordingly, it was simple administrative error for Sergeant Hipp to be apparently relieved by the convening authority. *See generally United States v. King,* 28 MJ at 399.

■ This type of error, however, must also be tested for prejudice and the record examined for waiver. Several facts have bearing on these questions. First, appellant at trial did not object to any irregularity in the detailing process either generally or particularly with respect to Sergeant Hipp. *Id.* at 400. Second, appellant did not make any challenge, either for cause or peremptorily, against Sergeant Hipp as a member of his court-martial. RCM 912(f)(4). Third, as a result of the absence of Master Sergeant Sullivan, appellant's court-martial had the ten-member court-martial membership that all parties agree the convening authority intended for this court-martial. *See United States v. Padilla,* 1 USCMA at 606, 5 CMR at 34. Finally, there was no indication in the record that the convening authority's apparent relief of Sergeant Hipp was intended to or could possibly benefit appellant in any particular way. *See United States v. King, supra* at 400. In the final analysis, appellant was entitled to a fair trial, and the record shows he got one. For all these reasons, appellant's conviction need not now be overturned. Art. 59(a), UCMJ, 10 USC § 859(a).

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, CRAWFORD, and GIERKE concur.

Judge WISS and Senior Judge EVERETT did not participate.