UNITED STATES

v.

Frank C. SONNENFELD, 377–90–6760 Aviation Electrician's Mate Airman Apprentice (E–2) U.S. Naval Reserve.

NMCM 91 02556.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 30 April 1991.

Decided 7 Dec. 1994.

LT Gerard Wm. Wittstadt Jr., JAGC, USNR, Appellate Defense Counsel.

LT Mary Anne Razim–Fitzsimons, JAGC, USNR, Appellate Defense Counsel.

LT Richard J. Huber, JAGC, USNR, Appellate Government Counsel.

LT James L. Epperson, JAGC, USNR, Appellate Government Counsel.

Before MOLLISON, CLARK and DeCICCO, JJ.

MOLLISON, Senior Judge:

The principal issue in this appeal from a general court-martial conviction is whether the panel of members that tried the appellant included an "interloper" and therefore the proceedings were a nullity. We find there

was an administrative error in the preparation of the convening orders; however, we conclude that based on the totality of the circumstances the convening authority intended to detail the questioned member and the proceedings were not a nullity. Accordingly, we affirm.

### Background

The appellant was tried by a general court-martial composed of a five-member panel of officers. Contrary to his pleas, he was convicted of conspiracy to commit larceny and larceny of automobiles in violation of Articles 81 and 121, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 881, 921 (1988). The appellant was sentenced to confinement for 6 months, forfeiture of $350.00 pay per month for 6 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence without modification.

The appellant's case is now before this court for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866 (1988). This court may affirm such findings of guilty and such part of the sentence as it finds correct in law and fact and determines on the basis of the entire record should be approved. UCMJ art. 66(c), 10 U.S.C. § 866(c) (1988). This court may hold a finding or sentence incorrect on an error of law only if the error materially prejudices the substantial rights of the appellant. UCMJ art. 59(a), 10 U.S.C. § 859(a) (1988).

The appellant filed two assignments of error.[1] We have found no merit in either and will not discuss them further. However, when it appeared to us that one of the court members who tried the appellant had apparently been relieved of such duty by an amendment to the court-martial convening order, we specified the following issue for briefing by the parties:

DID THE PRESENCE AND PARTICIPATION AS A COURT–MARTIAL MEMBER OF LIEUTENANT BRADLEY MARLER, WHO WAS RELIEVED AS A MEMBER IN AN AMENDMENT TO THE CONVENING ORDER, DEPRIVE THE COURT–MARTIAL OF JURISDICTION WHEN HIS ABSENCE WOULD HAVE REDUCED THE COURT BELOW THE STATUTORY MINIMUM OF FIVE MEMBERS?

### The Law

A general court-martial must be composed of a military judge and not less than five members, unless the accused in a non-capital case requests a court composed of a military judge alone and the military judge approves. UCMJ arts. 16(1), 18, 10 U.S.C. §§ 816(1), 818 (1988). The court-martial convening authority details the members of the court. UCMJ art. 25(d)(2), 10 U.S.C. § 825(d)(2) (1988); Rule for Courts–Martial [R.C.M.] 503(a), Manual for Courts–Martial, United States, 1984; see generally UCMJ art. 36(a), 10 U.S.C. § 836(a) (1988). A court-martial is created by a convening order of the convening authority. R.C.M. 504(a). The convening order designates the type of court-martial and details the members. R.C.M. 504(d). Subject to certain limitations, the members may be changed or excused by the convening authority. R.C.M. 505(a). An order changing the members of the court-martial, except one which excuses members without replacement, must be reduced to writing before authentication of the record of trial. R.C.M. 505(b).

Court-martial members must be lawfully appointed in order to enjoy status as members. *United States v. Padilla*, 1 C.M.A. 603, 5 C.M.R. 31 (1952). If an interloper participates as a court-martial member, the proceedings are a nullity, particularly when the court would be below the statutory quorum without the interloper. *United States v. Harnish*, 12 C.M.A. 443, 31 C.M.R. 29 (1961); see *Padilla*. The convening authority's approval of the sentence does not ratify the interloper's participation or retro-

---

1. I. THE GOVERNMENT FAILED TO PROVE APPELLANT'S GUILT OF EITHER CONSPIRING TO STEAL AN AUTOMOBILE OR OF STEALING AN AUTOMOBILE.

II. AN UNSUSPENDED BAD CONDUCT DISCHARGE IS AN INAPPROPRIATELY SEVERE PUNISHMENT FOR THIS APPELLANT UNDER THE CIRCUMSTANCES OF THIS CASE.

actively confer jurisdiction. *United States v. Caldwell*, 16 M.J. 575 (A.C.M.R.1983).

 Whether or not a servicemember has been detailed as a court member is a question of convening authority intent. That intent is ordinarily garnered from the language of the convening order. *See Padilla*, 1 C.M.A. at 607, 5 C.M.R. at 35. Where there is an ambiguity in the convening order or otherwise, military appellate courts will attempt to construe the convening authority's intent by looking to the convening order's object and the totality of the circumstances, including the circumstances surrounding the order's preparation and promulgation. "Effort must be made to effectuate [the convening order's] purpose and to avoid rendering it absurd. Where alternative interpretations are possible, the more reasonable should be chosen." *Id.* (citations omitted). Convening orders in a case will be considered *in pari materia.* It is also appropriate to consider the conduct of the parties to the court-martial and the judge who conducted it. *United States v. Gebhart*, 34 M.J. 189 (C.M.A.1992). A clerical or administrative error in the convening order(s) will not necessarily deprive the court-martial of its jurisdiction. *Id.*

### The Material Facts

There are five orders is this case, one original convening order and four amendments. The orders are set out in Appendix I. We refer to the orders as Orders # 1 through # 5, in order of issuance. A matrix demonstrating the relationship of the orders is set out in Appendix II.[2]

LT Marler was appointed as a court member by Order # 2 and ostensibly relieved by Order # 3. He was not named in any subsequent order. Nonetheless, he was present when the court assembled, and he participated in the case. We also note three peculiarities in the orders themselves. Lieutenant Commander Leon was appointed by the same order appointing LT Marler, Order # 2. LCDR Leon was also relieved by the same order relieving LT Marler, Order # 3. LCDR Leon was *again* relieved by Order # 4. LT Edson was appointed by the same order that purported to relieve LT Marler and first relieved LCDR Leon, Order # 3. LT Edson was *again* appointed by the same order relieving LCDR Leon for the second time, Order # 4. Finally, Order # 4 makes reference to Orders # 1 and # 2; it makes no reference to Order # 3, the order that purported to relieve LT Marler.

When the court convened on 24 April, trial counsel stated the names of the detailed members who were present. That enumeration included LT Marler. Trial counsel also accounted for all of the convening orders to date, including Order # 3 which purports to relieve LT Marler. Trial counsel further stated that there had been an oral modification to the convening orders whereby a LT Wansley was relieved as a member.[3] Record at 49–51. LT Wansley had been appointed by the same order that purported to relieve LT Marler, Order # 3. At no time did civilian defense counsel or military defense counsel challenge LT Marler's participation in the case. The military judge, likewise, did not question LT Marler's participation.[4]

### Discussion

 It appears that in the course of events the convening authority lost track of Order # 3, the order that purported to relieve LT Marler, that relieved LCDR Leon, and that appointed LT Edson. This fact is borne out by the second relief of LCDR Leon in Order # 4, the second appointment of LT Edson in Order # 4, and the failure of Order # 4 to make any reference to Order # 3 while referencing Orders # 1 and # 2. What did, then, the convening authority intend vis-a-vis LT Marler?

---

2. It is painfully obvious that this tedium would have been entirely unnecessary had the military judge and counsel made a better record on this matter.

3. The oral modification was confirmed by a written modification, Order # 5, prior to authentication of the record of trial.

4. Finally, the Government has filed the post-trial affidavit of trial counsel, now a civilian practitioner. In his affidavit the former trial counsel says he is certain LT Marler was detailed by the convening authority. He also states he believes LT Marler was added by the oral amending order, but that he failed to acknowledge such during his statement of the amendment on the record, and the convening authority also failed to acknowledge such in its written confirmation of the oral amendment.

The circumstances give rise to two possible explanations: The convening authority intended to relieve LT Marler and the parties failed to take note of the fact, *OR* the convening authority, having lost track of Order #3, repeated in Order #4 those actions he intended vis-a-vis Order #2. Thus, he intended LCDR Leon to be relieved. He also intended LT Edson to be detailed to the case. And, of most importance here, he intended LT Marler's status as a member per Order #2 to remain unchanged. To these two equally plausible explanations we apply the ultimate rule of construction noted above: Consider the conduct of the parties and the judge. Clearly, none of the participants to the proceedings took exception to the participation of LT Marler. In the absence of any evidence to the contrary, we hold that the apparent construction of the orders by the participants is controlling. *Gebhart.* Accordingly, we conclude the convening authority intended LT Marler to serve as a court-member.[5] For the same reasons, we conclude the appellant was not prejudiced by the administrative error in the case. See *id.*

### Disposition

The findings of guilty and sentence as approved on review below are affirmed.

Judge CLARK and Judge DeCICCO concur.

### APPENDIX I

### DEPARTMENT OF THE NAVY

### COMMANDER NAVAL BASE

### SAN DIEGO, CALIFORNIA 92132–5100

### IN REPLY REFER TO:

5813

Ser 006A2/650

12 DEC 1990

Pursuant to authority contained in Section 0120, Manual of the Judge Advocate General

of the Navy, a general court-martial is hereby convened for the case of Aviation Electrician's Mate Airman Apprentice Frank C. Sonnenfeld, U.S. Naval Reserve (TAR), 377–90–6760 and shall meet on the day of this order or as soon thereafter as practicable, at Navy–Marine Corps Trial Judiciary, San Diego, California. The court-martial will be constituted as follows:

Captain Gregg V. Southgate, U.S. Navy

Commander Richard S. Beckhart, U.S. Navy

Lieutenant Colonel John T. Fanning, U.S. Marine Corps

Lieutenant Commander Anne M. Delvecchio, U.S. Navy

Lieutenant Karl J. Zingheim, U.S. Navy

Lieutenant Christopher K. King, U.S. Navy

Ensign Rhonda K. Harders, U.S. Navy

Chief Warrant Officer Second William G. Nesbitt, U.S. Navy

/s/ O.M. Brackx
O.M. BRACKX
Acting

### DEPARTMENT OF THE NAVY

### COMMANDER NAVAL BASE

### SAN DIEGO, CALIFORNIA 92132–5100

### IN REPLY REFER TO:

5813

Ser 006A2/263

08 APR 1991

My general court-martial convening order serial 006A2/650 dated 12 December 1990, in the case of Aviation Electrician's Mate Airman Apprentice Frank C. Sonnenfeld, U.S.

---

5. Granted, the fact LT Wansley, who was appointed by the enigmatic Order #3, was accounted for suggests that cognizance of Order #3 was not lost entirely on the parties. In fact, Order #3 was accounted for at trial. The disparity of treatment among LCDR Leon, LT Edson, and LT Wansley, simply adds more confusion to the paper record. It is in these precise circumstances that the ultimate rule of construction is most useful. The parties closest to the action at the time were satisfied LT Marler was duly appointed by the convening authority and remained so at trial time.

Naval Reserve (TAR), 377–90–6760, is hereby amended appointing the following members:

Captain Gerald M. Grunwald, U.S. Navy
Lieutenant Colonel Lee H. Hendrickson, U.S. Navy
Lieutenant Commander Michael J. Johnson, U.S. Navy
Lieutenant Commander John A. Leon, U.S. Navy
Lieutenant Niel R. Nickolaisen, U.S. Naval Reserve
Lieutenant Virginia R. Callaghan, U.S. Navy
Lieutenant Bradley E. Marler, U.S. Navy
Lieutenant George A. Barnett, U.S. Navy

The following members are relieved:

Captain Gregg V. Southgate, U.S. Navy
Commander Richard S. Beckhart, U.S. Navy
Lieutenant Colonel John T. Fanning, U.S. Marine Corps
Lieutenant Commander Anne M. Delvecchio, U.S. Navy
Lieutenant Karl J. Zingheim, U.S. Navy
Lieutenant Christopher K. King, U.S. Navy
Ensign Rhonda K. Harders, U.S. Navy
Chief Warrant Officer Second William G. Nesbitt, U.S. Navy

/s/ O.M. Brackx
O.M. BRACKX
Acting

DEPARTMENT OF THE NAVY

COMMANDER NAVAL BASE

SAN DIEGO, CALIFORNIA 92132–5100

IN REPLY REFER TO:

5813

Ser 006A2/275

09 APR 1991

My general court-martial convening order serial 006A2/650 dated 12 December 1990, as amended by my amending order 006A2/263 dated 3 April 1991, in the case of Aviation Electrician's Mate Airman Apprentice Frank C. Sonnenfeld, U.S. Naval Reserve (TAR), 377–90–6760, is hereby amended appointing the following members:

Lieutenant Charles E. Wansley, U.S. Navy
Lieutenant Mark A. Edson, U.S. Naval Reserve

The following members are relieved:

Lieutenant Commander John A. Leon, U.S. Navy
Lieutenant Bradley E. Marler, U.S. Navy

/s/ G.L. Jackson
G.L. JACKSON
Rear Admiral, U.S. Navy
Commander
Commander, Naval Base, San Diego, CA

DEPARTMENT OF THE NAVY

COMMANDER NAVAL BASE

SAN DIEGO, CALIFORNIA 92132–5100

IN REPLY REFER TO:

5813

Ser 006A2/341

24 APR 1991

My general court-martial convening order serial 006A2/650 dated 12 December 1990, as amended by my amending order serial 006A2/263 dated 3 April 1991 in the case of Aviation Electrician's Mate Airman Apprentice Frank C. Sonnenfeld, U.S. Naval Reserve (TAR), 377–90–6760, is hereby amended appointing the following members:

Captain Hubert E. Archambo, Jr., U.S. Navy
Lieutenant Mark A. Edson, U.S. Navy
Lieutenant Michelle L. Sanders, U.S. Navy
Lieutenant Michael H. Davis, U.S. Navy

The following members are relieved:

Captain Gerald M. Grunwald, U.S. Navy
Lieutenant Commander John A. Leon, U.S. Navy
Lieutenant Niel R. Nickolaisen, U.S. Naval Reserve
Lieutenant Virginia R. Callaghan, U.S. Navy

/s/ G.L. Jackson
G.L. JACKSON
Rear Admiral, U.S. Navy
Commander
Commander, Naval Base, San Diego, CA

DEPARTMENT OF THE NAVY

COMMANDER NAVAL BASE

SAN DIEGO, CALIFORNIA 92132–5100
IN REPLY REFER TO:

5813

Ser 006A2/454

25 JUN 1991

As verbally amended on 24 April 1991, in the case of Aviation Electrician's Mate Airman Apprentice Frank C. Sonnenfeld, U.S. Naval Reserve (TAR), 377–90–6760, the following members were relieved:

Lieutenant Colonel Lee H. Hendrickson, U.S. Marine Corps

Lieutenant Charles E. Wansley, U.S. Navy

/s/ R.J. Ackerman
R.J. ACKERMAN
Acting

## APPENDIX II

| Order # 1 (12 Dec 90) | Order # 2 (3 Apr 91) Refers to Order # 1 | | Order # 3 (9 Apr 91) Refers to Order #'s 1 & 2 | | Order # 4 (24 Apr 91) Refers to Order #'s 1 & 2. No reference to # 3 | | Order # 5 (25 Jun 91) Written Confirmation of Oral Amendment | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Appointed | Relieved | Appointed | Relieved | Appointed | Relieved | Appointed | Relieved | Appointed | Court Assembled | Members Challenged | Panel |
| Southgate | Southgate | | | | | | | | | | |
| Beckhart | Beckhart | | | | | | | | | | |
| Fanning | Fanning | | | | | | | | | | |
| DelVecchio | DelVecchio | | | | | | | | | | |
| Zinghelm | Zinghelm | | | | | | | | | | |
| King | King | | | | | | | | | | |
| Harders | Harders | | | | | | | | | | |
| Nesbitt | Nesbitt | | | | | | | | | | |
| | | Grunwald | -------> | -------> | Grunwald | -------> | | | | | |
| | | Hendrickson | -------> | -------> | -------> | -------> | Hendrickson | -------> | | | |
| | | Johnson | -------> | -------> | -------> | -------> | -------> | -------> | Johnson | | Johnson |
| | | LEON | LEON | -------> | LEON | -------> | | | | | |
| | | Nicholaisen | | -------> | Nicholaisen | -------> | | | | | |
| | | Callaghan | | -------> | Callaghan | -------> | | | | | |
| | | MARLER | MARLER | -------> | -------> | -------> | -------> | -------> | MARLER | * * * | MARLER |
| | | Barnett | -------> | -------> | -------> | -------> | -------> | -------> | Barnett | -------> | Barnett |
| | | | | WANSLEY | -------> | -------> | WANSLEY | -------> | | | |
| | | | | EDSON | EDSON | -------> | -------> | -------> | EDSON | -------> | EDSON |
| | | | | | | Archambo | -------> | -------> | Archambo | -------> | Archambo |
| | | | | | | Sanders | -------> | -------> | Sanders | X | |
| | | | | | | Davis | -------> | -------> | Davis | X | |