# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL J. MOODY**
**United States Army, Appellant**

ARMY 20121083

Headquarters, XVIII Airborne Corps and Fort Bragg
Tara A. Osborn and David H. Robertson, Military Judges
Colonel Paul S. Wilson, Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (recommendation)
Lieutenant Colonel Jerrett W. Dunlap, Jr., Staff Judge Advocate (addendum)

For Appellant:  Mr. William E. Cassara, Esquire (argued); Captain Brian J. Sullivan, JA; Mr. William E. Cassara, Esquire (on brief).

For Appellee:  Captain Christopher A. Clausen, JA (argued); Major A.G Courie III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

29 February 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

TOZZI, Senior Judge:

A general court-martial comprised of officer and enlisted members convicted appellant, contrary to his pleas, of one specification of abusive sexual contact with a child, and one specification of indecent liberties with a child, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge and eight years confinement.  The convening authority approved the findings and sentence as adjudged.

On 29 October 2015, this court affirmed the findings and sentence.  *United States v. Moody*, No. 20121083, 2015 CCA LEXIS 482 (Army Ct. Crim. App. October 29, 2015) (sum. disp.).  On 16 February 2016, the Court of Appeals for the

Armed Forces (CAAF) set aside this court's decision and remanded this case for consideration of the following specified issue:

> WHETHER JURISDICTIONAL ERROR OCCURRED WHEN MAJOR [KS] WAS DETAILED, LATER REMOVED BY VICING ORDER, BUT ULTIMATELY WAS SWORN AND HEARD THE CASE.

*United States v. Moody*, No. 16-0233/AR, __ M.J. __ (16 Feb. 2016) (order) (sum. disp.).  Finding no error, we again affirm our prior decision in this case.

## FACTS

Appellant's court-martial was called to order pursuant to Court-Martial Convening Order Number (CMCO) 1, dated 7 February 2012, as superseded by CMCO 3, dated 4 April 2012, as amended by CMCO 11, dated 21 June 2012, as superseded by CMCO 14, dated 12 July 2012, as amended by CMCO 18, dated 20 September 2012, and as amended by CMCO 25, dated 26 November 2012.  The last three of these orders warrant discussion in resolving the specified issue.

CMCO 14 served to detail six officers, to include MAJ KS, and six enlisted members to all general courts-martial convened by CMCO 3 in which the court had not been assembled.[1]  CMCO 18, specific to appellant's case, viced MAJ KS and three other officer and four enlisted members from appellant's panel.  These members were replaced with four other officers and four other enlisted members.[2]  Appellant's trial convened on 25 September 2012, at which time the four members remaining from CMCO 14 and eight new members added by CMCO 18 underwent voir dire.  After challenges, only two officers and two enlisted members remained, thus bringing the court-martial below quorum.[3]  The court recessed to obtain new members.  CMCO 25 named four new officers and five enlisted members to serve on appellant's panel.  However, the order was redundant in many respects.  First, the order purportedly detailed one officer and one enlisted member who were impaneled

---

[1] This order detailed COL GB, COL JR, LTC LA, LTC FR, MAJ RC, *MAJ KS*, CSM MM, SGM TW, MSG JP, 1SG LP, MSG SF, and SFC RS to serve as members.

[2] This order viced LTC LA, LTC FR, MAJ RC, *MAJ KS*, SGM TW, 1SG LP, MSG JP, and SFC RS and detailed 1LT JC, 1LT FG, CW4 FB, WO1 FS, SSG KP, SSG DJ, SSG CP, and SGT TT to serve as panel members.  Although not mentioned in this order, COL GB, COL JR, CSM MM, and MSG SF detailed by CMCO 14 remained as members and appeared for voir-dire on 25 September 2012.

[3] COL GB and CSM MM, detailed by CMCO 14; and WO1 FS and SSG KP, detailed by CMCO 18.

after voir dire.[4]  Second, the order purported to "vice" an officer and an enlisted member who had been challenged off the panel.[5]  Finally, and most importantly, the order "viced" all of the members previously viced by GCMO 18, with the exception of MAJ KS.

When appellant's trial reconvened on 27 November 2012, MAJ KS along with the new members appointed by CMCO 25 were seated for voir dire.  Neither the government nor appellant's civilian defense counsel objected to MAJ KS's presence at trial.  After voir dire and challenges, MAJ KS was impaneled to serve with the other nine remaining panel members.

## LAW AND DISCUSSION

A court-martial is created by a convening order of the convening authority. Rule for Court-Martial [hereinafter R.C.M.] 504(a).  The convening authority details the members of the court.  UCMJ art. 25(d)(2); R.C.M. 503(a).  "When the record reflects an ambiguity as to whether an individual was detailed to serve at a particular court-martial, we look to the intent of the convening authority with respect to service of that member on that court-martial panel."  *United States v. Mack*, 58 M.J. 413, 416 (C.A.A.F. 2003).  When there is an ambiguity concerning the convening authority's intent, "[i]n the absence of any evidence to the contrary, . . . the construction of the convening orders by the participants of [the] trial is controlling." *United States v. Gebhart*, 34 M.J. 189, 193 (C.M.A. 1983) (citation omitted).

The convening authority properly detailed MAJ KS to serve as a panel member under Article 25, UCMJ, but later relieved her from serving in CMCO 18. "This is not the situation of an interloper who was not detailed at all to the court-martial on which [s]he sat . . . ."  *Gebhart*, 34 M.J. at 192.  The ambiguity as to the convening authority's intent lies with CMCO 25, which relieved the same members viced in CMCO 18, save for MAJ KS.  This leaves two possibilities:  either the convening authority intended to re-detail MAJ KS as a member *OR* the convening authority lost track of his prior detailing and relief of court-members due to the confusing nature of CMCO 25.  Given these two plausible explanations, we therefore apply the rule of construction noted above: the construction given to the convening orders by the trial participants governs.  We, therefore, find MAJ KS's presence as a court member was not a jurisdictional error.  The absence of her name on CMCO 25 was the result of an administrative oversight.

This administrative oversight, however, must be tested for prejudice.  In this regard, we find no prejudice.  First, the appellant made no objection to any

---

[4] WO1 FS and SSG KP.

[5] COL JR and MSG SF.

irregularity, generally or specifically, with respect to MAJ KS.  Second, appellant did not use his peremptory challenge or raise a challenge for cause to remove MAJ KS from the panel.  Third, the record contains no indication that the convening authority's apparent relief of MAJ KS was intended to or could possibly benefit appellant in any way.  *Id.* at 193; *see United States v. King*, 28 M.J. 397, 399 (C.M.A. 1987).

## CONCLUSION

We again AFFIRM the findings of guilty and the sentence in appellant's case.

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court