*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

_____

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**John A. AGUILAR**
Private (E-1), U.S. Marine Corps
*Appellant*

**No. 202300090**

_____

Decided: 1 October 2024

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Michael D. Zimmerman (Arraignment and Motions)
Frank D. Hutchison (Motions)
John J. Stephens (Trial and Entry of Judgment)

Sentence adjudged 31 January 2023 by a special court-martial convened at Marine Corps Base Quantico, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Christopher C. McMahon, JAGC, USN* (argued)
*Lieutenant Colonel Matthew E. Neely, USMC* (on brief)

For Appellee:
*Major Mary Claire Finnen, USMC* (argued)
*Lieutenant Colonel James A. Burkart, USMC* (on brief)

Judge GROSS delivered the opinion of the Court, in which Senior Judge DALY and Judge de GROOT joined.

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————————

GROSS, Judge:

A special court-martial convicted Appellant, pursuant to his pleas, of one specification of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ).[1] Appellant asserts a single assignment of error (AOE): Did the military judge's dismissal of the Charge terminate all proceedings related to it? We find no prejudicial error and affirm.

## I. BACKGROUND

On 1 July 2020, the Government charged Appellant with three specifications of assault against his then spouse, Ms. C.A.,[2] in violation of Article 128, UCMJ, and three specifications of making false official statements in violation of Article 107, UCMJ. After the initial charges were referred, Appellant was arraigned on 24 September 2020. On 30 November 2020, the convening authority withdrew both charges and all specifications due to the discovery of new evidence. These withdrawn charges, however, were not dismissed.

On 28 December 2020, an Additional Charge alleging three specifications of assault in violation of Article 128, UCMJ, was preferred against Appellant. These specifications concerned allegations of domestic violence against Ms. R.L., Appellant's then intimate partner. During a conversation with Ms. R.L. after the preferral of charges, she described a separate incident where Appellant

---

[1] 10 U.S.C. § 928.

[2] The names of all victims are referred to by initials and all names other than those of counsel and the military judges are pseudonyms.

pointed a handgun at a civilian, Ms. C.T., after a verbal altercation. On 22 January 2021, without referring the Additional Charge, the convening authority dismissed the previously withdrawn initial charges and the Additional Charge.

On 23 February 2021, the Government preferred nine specifications of assault in violation of Article 128, UCMJ, two specifications of making false official statements in violation of Article 107, UCMJ, and one specification of extramarital sexual conduct in violation of Article 134, UCMJ. Appellant subsequently waived his Article 32, UCMJ, preliminary hearing, and the charges were referred to a general court-martial.

At an Article 39(a) session, held on 6 September 2021, Appellant moved the trial judge to dismiss the original charges and specifications, previously preferred on 1 July 2020, pursuant to Rule for Courts-Martial (R.C.M.) 707.[3] After initially stating the Government failed to comply with R.C.M. 707, the military judge gave the Government an opportunity to supplement its filing with additional evidence over Defense objection.[4] Shortly after, the military judge received an affidavit and testimony from the preliminary hearing officer (PHO) appointed to oversee Appellant's initial Article 32, UCMJ, preliminary hearing. The military judge determined the PHO granted excludable delay and ultimately concluded the Government did not violate R.C.M. 707.[5]

After this ruling, Appellant moved to sever the charges into three separate trials. Appellant asked the court for one trial for the offenses relating to Ms. C.A., one trial for the offenses relating to Ms. R.L. and another trial for the offenses relating to Ms. C.T. The military judge agreed in part and severed the offenses into two trials: one for the alleged false official statements, the offenses relating to Ms. R.L. and Ms. C.T. and a separate trial for the alleged assaults of Ms. C.A. The second trial for the alleged assaults of Ms. C.A. are the subject of this appeal. If convicted of the four Specifications involving Ms. C.A., the maximum punishment Appellant faced was 12 years confinement, total forfeiture of all pay and allowances, reduction to E-1, and a dishonorable discharge.

---

[3] Charge Sheet, dated 23 February 2021, Charge I, Specifications 1-4, and Charge II, Specifications 1-2.

[4] The Court rejected Appellant's claim that the military judge lacked authority to reconsider his ruling on Appellant's R.C.M. 707 motion in *United States v. Aguilar*, No. 202300092, 2024 CCA LEXIS __, slip op. at 11 (N-M. Ct. Crim. App. Sep. 30, 2024) (*Aguilar I*).

[5] Appellate Ex. XI at 35-36.

Following a contested trial on the false official statement specifications and the offenses relating to Ms. R.L. and Ms. C.T., Appellant agreed to plead guilty to one specification of assault consummated by battery for unlawfully pushing Ms. C.A. In return for his plea, the convening authority referred Appellant's case to a special court-martial and withdrew and dismissed the remaining three specifications. Additionally, under the terms of the plea agreement,[6] Appellant would receive a bad-conduct discharge but no other punishment.[7] On 27 January 2023, the convening authority modified the general court-martial convening order to which the case had originally been referred by stating:

> The forum for the remaining charge and specifications that were severed by the military judge [Charge I, Specifications 1-4] and have not been tried is hereby modified to a Special Court-Martial in accordance with the plea agreement signed by all parties. The members remain as detailed in General Court-Martial Convening Order 1s-20.[8]

Before Appellant's providence inquiry, the military judge noted, "[T]he very top of the caption [of the plea agreement], it says General Court-Martial. The way I'm considering this is that at that moment, the plea agreement is made you're at a General Court-Martial and that's part of the consideration to go to a Special Court-Martial."[9] The military judge proceeded to state, "I believe the

---

[6] All charges related to Ms. C.A. were alleged to have occurred prior to 1 January 2019, while the other charges and specifications occurred both before and after 1 January 2019. The parties did not address whether a plea agreement—in which an accused and convening authority can bargain for a range of sentences or a set sentence—can be used in a case that originally contained offenses alleged to have occurred both before and after the effective date of the Military Justice Act of 2016 (National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5321-38, 5542, 130 Stat. 2000, 2923-37, 2967-68 (2016) (codified as 10 U.S.C. §§ 860—70) [FY 2017 NDAA]), when charges that all occurred prior to the effective date are subsequently severed. However, Appellant has not raised the issue for our consideration and alleges no prejudice from the plea agreement. Having reviewed the record of trial and the fact that Appellant sought and agreed to the plea agreement with the convening authority and confirmed to the military judge that he wanted to proceed in this unique manner, we find no prejudice under the facts of this case.

[7] Appellate Ex. XLIII at 3. The maximum punishment for Charge I, Specification 4 was a bad-conduct discharge, 6 months confinement, total forfeiture of all pay and allowances, and reduction to E-1.

[8] Modified Convening Order dated 27 January 2023.

[9] R. at 50; Appellate Ex. XLIII at 5.

caption is correct. So even though we see General Court-Martial in the caption and we're here at a Special Court-Martial, that's the reason."[10] The military judge asked whether the parties had "any issue with that?" to which trial defense counsel stated, "No, Sir."[11]

During the providence inquiry, the following colloquy ensued:

> MJ: So you fully understand all the terms of the plea agreement and how they affect your case?
>
> Appellant: Yes, Your Honor.
>
> MJ: Are you pleading guilty, not only because you hope to receive the relief set forth in the plea agreement, but because you are convinced that you are in fact guilty?
>
> Appellant: Yes, Your Honor.[12]

The military judge accepted Appellant's pleas and sentenced him to a bad-conduct discharge as set forth in the plea agreement. Additional facts necessary to resolve Appellant's AOE are discussed below.

## II. DISCUSSION

**The Charge and Specifications were adequately referred to a special court-martial.**

Appellant asserts the Charge and Specifications referred to his special court-martial were dismissed when the military judge initially determined the Government violated R.C.M. 707 before the severance. Even assuming the Charge and Specifications at issue here were previously dismissed when the military judge made his R.C.M. 707 ruling, we do not find prejudice and affirm.

---

[10] R. at 50.

[11] R. at 50.

[12] R. at 67.

*1. Standard of Review and the Law*

Whether a court has jurisdiction is a question of law that appellate courts review de novo.[13] An administrative defect in the referral process does not necessarily deprive a court-martial of jurisdiction.[14] When a convening order creates doubt regarding the composition of the court-martial, appellate courts look to the convening authority's intent in drafting the order.[15] "Effort must be made to effectuate [the convening order's] purpose and to avoid rendering it absurd. Where alternative interpretations are possible, the more reasonable should be chosen."[16]

"When there is an ambiguity but no evidence that the convening authority's intent was to the contrary, 'the construction of the convening orders by the participants of [the] trial is controlling.'"[17] Absent evidence to the contrary, "the presumption of regularity requires [appellate courts] to presume that [the convening authority] carried out the duties imposed upon him by the Code and the Manual."[18]

A guilty plea does not waive the ability to challenge the jurisdiction of a court-martial on appeal.[19] A term of a plea agreement shall not be enforced if it deprives the accused of the right to challenge the jurisdiction of the court-martial.[20]

---

[13] *United States v. Begani*, 81 M.J. 273, 276 (C.A.A.F. 2021) (citation omitted).

[14] *United States v. Adams*, 66 M.J. 255, 259 (C.A.A.F. 2008) (citation omitted).

[15] *United States v. Mack*, 58 M.J. 413, 416 (C.A.A.F. 2003) (citation omitted).

[16] *United States v. Sonnefeld*, 41 M.J. 765, 767 (N-M. Ct. Crim. App. 1994) (quoting *United States v. Padilla*, 1 C.M.A. 603, 607, 5 C.M.R. 31, 35 (1952) (internal punctuation omitted)).

[17] *United States v. Mack*, 58 M.J. 413, 416 (C.A.A.F. 2003) (quoting *United States v. Gebhart*, 34 M.J. 189, 193 (C.M.A. 1992)).

[18] *United States v. Bess*, 80 M.J. 1, 10 (C.A.A.F. 2020) (citations omitted).

[19] *See* Rule for Court-Martial 905(e)(2); *Begani*, 81 M.J. at 767; *United States v. Oliver*, 56 M.J. 695, 699 (N-M. Ct. Crim. App. 2001).

[20] Rule for Courts-Martial 705(c)(1)(B).

*2. Analysis*

We previously held in *Aguilar I* that the Charge and Specifications were not dismissed after the military judge properly reconsidered his ruling.[21] We therefore reject Appellant's AOE here for the same reasons.

Having rejected Appellant's AOE, we still must consider whether the special court-martial that convicted Appellant had jurisdiction to do so. We find that the facts of this case warrant further discussion as the charge sheet in the record of trial reflects no changes from the initial court-martial, which raises some questions. However, ultimately we determine that the Charge and Specifications were properly referred and the court had jurisdiction over Appellant and the Charge.

Our Superior Court has held, "action by the convening authority showing an intent to refer a particular charge to trial is sufficient to satisfy the jurisdictional requirements of the Rules for Courts-Martial."[22] Because Appellant entered into a plea agreement with the convening authority that required the Charge and Specifications to be referred to a special court-martial, we must consider whether there was a valid referral.

Here, the convening authority's modified convening order clearly dictates that the remaining Charge and Specifications at issue in this appeal were to be tried at a special court-martial pursuant to Appellant's plea agreement. The modified order additionally accounted for members, indicating the members from the initial, general court-martial, convening order were detailed to Appellant's special court martial. Analyzing these circumstances, it is clear the convening authority intended for Charge I, Specifications 1-4 to be referred to a special court-martial. The circumstances portray no other reasonable interpretation of the convening authority's intent.

Importantly, our Superior Court has further concluded a "convening authority's entry into [a] pretrial agreement...[is] the functional equivalent" of a referral order.[23] As such, even if the Charge was initially dismissed before Appellant's motion to sever, the Charge was nevertheless adequately re-referred to Appellant's special court-martial when he entered the plea agreement. Nor need we be concerned with Appellant's complaint that the charges were never preferred

---

[21] *See Aguilar I*, slip op. at 11.

[22] *United States v. Ballan*, 71 M.J. 28, 30 (C.A.A.F. 2012).

[23] *United States v. Wilkins*, 29 M.J. 421, 424 (C.M.A. 1990)).

or the subject of consultation with a judge advocate in accordance with Article 34, UCMJ.[24]

As in *Grubb*,[25] Appellant suffered no prejudice from the plea agreement. He entered an agreement where his sole punishment was a bad-conduct discharge; he "was on notice throughout the proceeding that he was at a special court-martial[;]" he "elected sentencing by a military judge and waived his right to a trial by members[;]," and he never objected during his providence inquiry that the Charge and Specifications were not properly before the court-martial.[26]

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[27]

However, we note that the Entry of Judgment (EOJ) does not properly reflect the disposition of the charge and specifications before this special court-martial.[28] Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceedings.[29] In accordance with R.C.M. 1111(c)(2), we modify the EOJ and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[24] *Wilkins*, 29 M.J. at 424 (noting an appellant can waive both the SJA opinion required by Article 34, UCMJ, 10 U.S.C. § 834 (2006), and the swearing to the charges against him, as long as it was clear what charges were to be considered by the court-martial) (citations omitted).

[25] *United States v. Grubb*, No. 202100156, 2022 CCA LEXIS 174, 6-8* (N-M. Ct. Crim. App. Mar. 22, 2022) (unpublished).

[26] *Grubb*, 2022 CCA LEXIS 174 at 8*.

[27] Articles 59 & 66, UCMJ.

[28] *United States v. Wadaa*, 84 M.J. 652 (N-M. Ct. Crim. App. 2024).

[29] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 202300090** |
| **v.** | **ENTRY** |
| | **OF** |
| **John A. Aguilar** | **JUDGMENT** |
| **Private (E-1)** | |
| **U.S. Marine Corps** | |
| *Accused* | *As Modified on Appeal* |
| | **1 October 2024** |

On 31 January 2023, the Accused was tried at Marine Corps Base Quantico, Virginia, by a special court-martial, consisting of a military judge sitting alone. Military Judge John J. Stephens presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:** **Between on or about 28 May 2018 and on or about 18 June 2018, commit assault with a dangerous weapon.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn.

**Specification 2:** **Between on or about 28 May 2018 and on or about 18 June 2018, commit simple assault with an unloaded firearm.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn.

**Specification 3:**   **Between on or about 28 May 2018 and on or about 18 June 2018, commit assault consummated by a battery.**

   *Plea:* Not Guilty.

   *Finding:* Withdrawn.

**Specification 4:**   **Between on or about 1 June 2016 and on or about 31 September 2016, commit assault consummated by a battery.**

   *Plea:* Guilty except for the words "a) by unlawfully grabbing and twisting Ms. C.A.'s arm to her back, b) to the ground, and c) by unlawfully holding his knee on Ms. C.A.'s back and forcing her face to the floor."

   *Finding:* Guilty except for the words "a) by unlawfully grabbing and twisting Ms. C.A.'s arm to her back, b) to the ground, and c) by unlawfully holding his knee on Ms. C.A.'s back and forcing her face to the floor."

## SENTENCE

On 31 January 2023, a military judge sentenced the Accused to the following:

   **Bad-Conduct Discharge.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court